[Cite as *State v. Jones*, 2013-Ohio-4820.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                 :          C.A. CASE NO. 2012 CA 61

v.                                     :          T.C. NO.    12CR55

TIMOTHY JONES                          :          (Criminal appeal from
                                                   Common Pleas Court)

    Defendant-Appellant            :

                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____1st____ day of _____November_____, 2013.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

STEPHEN P. HARDWICK, Atty. Reg. No. 0062932, Assistant Public Defender, 250 E. Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  Defendant-appellant Timothy Jones appeals his conviction for two counts of aggravated murder, in violation of R.C. 2903.01(A), both felonies of the first degree, and one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(2), a

felony of the third degree. Both counts of aggravated murder were accompanied by a firearm specification. Jones filed a notice of appeal with this Court on September 11, 2012. On September 27, 2012, we issued a show cause order instructing Jones to explain why his appeal should not dismissed for failure to file within thirty-days of his judgment entry of conviction as required by App. R. 4(A). Jones filed a response to the show cause order on October 11, 2012. On October 22, 2012, we issued a decision finding that Jones had shown good cause to file a delayed appeal.

{¶ 2} The incident which forms the basis of the instant appeal occurred on October 16, 2011, while Jones was engaged in an argument with one of the victims, Dovon Williams. The other victim was Arbrie Smith, a friend of Williams, who witnessed the argument. The confrontation occurred at a residence near the corner of Perrin Avenue and Center Boulevard in Springfield, Ohio. Evidence adduced during Jones' trial established that Williams had beaten up the appellant on two separate prior occasions. Jones was also aware that Williams had been visiting his girlfriend's home when he was not present. At some point during the argument, Jones pulled out a handgun and shot Arbrie Smith in the head multiple times, killing him. Williams attempted to run away, but Jones chased him down and shot him several times, killing him as well.

{¶ 3} On January 23, 2012, Jones was subsequently indicted for two counts of aggravated murder with firearm specifications, and one count having a weapon while under disability. At his arraignment on February 13, 2012, Jones pled not guilty to the charges against him, and the trial court set his bond at $1,000,000.00. On May 15, 2012, the trial court ordered Jones to undergo a mental competency evaluation in light of his request to

represent himself at trial. The trial court found Jones competent to stand trial and represent himself in an order filed on June 19, 2012. The trial court also allowed Jones' appointed counsel to withdraw but ordered him to act as co-chair to Jones in order to assist Jones if necessary.

{¶ 4} Jones' trial began on July 30, 2012, and ended on August 3, 2012, with the jury finding Jones guilty on all of the counts in the indictment. On August 9, 2012, Jones was sentenced to life in prison without the possibility of parole on each of the aggravated murder counts and three years on the single count of weapons under disability. The trial court ordered the sentences for the aggravated murder counts to run consecutive to each other and the sentence for the weapon under disability count to run concurrent to the life sentences.

{¶ 5} It is from this judgment that Jones now appeals.

{¶ 6} Jones' first assignment of error is as follows:

{¶ 7} "THE TRIAL COURT ERRED BY INSTRUCTING THE JURY THAT IT COULD FIND MR. JONES GUILTY OF AGGRAVATED MURDER IF THE 'GIST OF THE OFFENSE' WAS TO CAUSE A DEATH, 'REGARDLESS OF WHAT [MR. JONES] MAY HAVE INTENDED TO ACCOMPLISH BY HIS CONDUCT.'"

{¶ 8} In his first assignment, Jones contends that the trial court erred when it instructed the jury regarding the definition of "purpose" as it applied to the charges for aggravated murder. Specifically, Jones argues that the trial court's use of the "gist of the offense" instruction in a conviction for aggravated murder was confusing and rose to the level of plain error.

{¶ 9}   In *State v. Kleekamp*, 2d Dist. Montgomery No. 23533, 2010-Ohio-1906, this court stated:

{¶ 10}   "'A criminal defendant has the right to expect that the trial court will give complete jury instructions on all issues raised by the evidence.' *State v. Williford* (1990), 49 Ohio St.3d 247, 251, 551 N.E.2d 1279; *State v. Mullins,* Montgomery App. No. 22301, 2008-Ohio-2892, ¶ 9. As a corollary, a court should not give an instruction unless it is specifically applicable to the facts in the case. *State v. Fritz,* 163 Ohio App.3d 276, 837 N.E.2d 823, 2005-Ohio-4736, ¶ 19. The decision to give a requested jury instruction is a matter left to the sound discretion of the trial court, and the court's decision will not be disturbed on appeal absent an abuse of discretion. *State v. Davis,* Montgomery App. No. 21904, 2007-Ohio-6680, ¶ 14."

{¶ 11}   "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 12}   A decision is unreasonable if there is no sound reasoning process that would support that decision.   It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 13}** Regarding the definition of "purpose," the trial court gave the jury the following instructions:

A person acts purposely when it is his specific intention to cause a certain result. It must be established beyond a reasonable doubt that at the time in question there was present in the mind of the defendant a specific intention to cause the death of Dovon Williams.[1]

*When the gist of the offense is a prohibition against conduct of a certain nature, a person acts purposely if his specific intention was to engage in conduct of that nature, regardless of what he may have intended to accomplish by his conduct.*

Purpose is a decision in the mind to do an act with a conscious objective of producing a specific result or engaging in specific conduct. To do an act purposely is to do it intentionally and not accidentally.

Purpose and intent mean the same thing. The purpose with which a person does an act is known only to himself unless he expresses it to others or indicates it by his conduct.

The purpose with which a person does an act is determined from the manner in which it is done, the means used, and all the other facts and circumstances in evidence.

---

[1] When instructing the jury regarding Count II, the aggravated murder of Arbrie Smith, the trial court did not repeat the definition of "purpose," but merely referred back to the instruction in Count I, which referenced the aggravated murder of Dovon Williams.

If a wound is inflicted upon a person with a deadly weapon in a manner calculated to destroy life, the purpose to cause his death may be, but is not required to be, inferred from the use of the weapon. The inference, if made, is not conclusive.

\*\*\*

Prior calculation and design means that the purpose to cause the death of another was reached by a definite process of reasoning in advance of the homicide, which process of reasoning must have included a mental plan involving studied consideration of the method and means with which to cause the death.

To constitute prior calculation there must have been sufficient time and opportunity for the planning of an act of homicide and the circumstances surrounding the homicide must show scheme designed to carry out the calculated decision to cause the death.

{¶ 14} Initially, we note that Jones failed to object to the jury instruction, nor did he request another instruction be substituted in its place. Thus, for purposes of appellate review, Jones has waived all but plain error. *State v. Parrish*, 2d Dist. Montgomery No. 21206, 2006-Ohio-4161. Plain error may be noticed if a manifest injustice is demonstrated. Crim.R. 52(B); *State v. Howard*, 2d Dist. Montgomery No. 23795, 2011-Ohio-27. In order to find a manifest miscarriage of justice, it must appear from the record as a whole that but for the error, the outcome of the trial clearly would have been otherwise. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978).

{¶ 15}  Jones argues that the court erred when it gave the jury the "gist of the offense_ instruction set forth above. Specifically, he argues that by instructing the jury that a person acts purposefully _regardless of what he may have intended to accomplish by his conduct_ the court failed to provide adequate instructions regarding a "specific intent to kill" which a defendant must possess when charged with aggravated murder. *State v. Wilson*, 74 Ohio St.3d 381, 1996-Ohio-103, 659 N.E.2d 292.  In *Wilson*, the Ohio Supreme Court has characterized similar language as _confusing in a murder prosecution which requires purpose."  *Id*. at 393, 659 N.E.2d 292.  However, we must remain mindful of the fact that reviewing courts must consider jury instructions in their entirety. *State v. Price*, 60 Ohio St.2d 136, 398 N.E.2d 772 (1979), ¶ 4 of the syllabus.  "[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Id*. at 141.  In *Wilson*, the Ohio Supreme Court rejected an argument that the trial court committed plain error by using the _gist of the offense_ language in an aggravated murder trial, in part because _[i]n the context of all the instructions given the jury, the court provided adequate instructions on the element of specific intent to kill._ *Wilson*, 74 Ohio St.3d at 393.

{¶ 16}  Like the *Wilson* Court, we acknowledge that when read in isolation, the _gist of the offense_ language could be confusing and misleading to a jury.[2]  When read in

---

[2] Jones cites *State v. Hooks*, 2d Dist. Montgomery No. 16978, 17007, 1998 WL 754574 (October 30, 1998), in support of his assertion that the "gist of the offense" instruction in an aggravated murder conviction is confusing and misleading to a jury.  In *Hooks*, however, we noted that the instruction at issue was given in regards to a separate count for *aggravated burglary* and not aggravated murder.  Thus, this case is distinguishable and does not support Jones' argument.

context with the rest of the charge, however, it is clear the court provided the jury with adequate instructions on the specific intent to cause death. The court specifically told the jury that "[a] person acts purposely when it is his *specific intention to cause a certain result*." The court also told that jury that: _It must be established beyond a reasonable doubt that at the time in question there was present in the mind of the defendant *a specific intention to cause the death* of Dovon Williams._ Therefore, the _gist of offense language_ instruction did not amount to plain error in light of all the instructions given to the jury.

{¶ 17} Jones' first assignment of error is overruled.

{¶ 18} Jones' second assignment of error is as follows:

{¶ 19} "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING SENTENCES OF LIFE WITHOUT PAROLE."

{¶ 20} In his second assignment, Jones argues that the trial court erred when it sentenced him to life imprisonment without the possibility of parole for each count of aggravated murder.

{¶ 21} Appellant was sentenced to life without the possibility of parole pursuant to R.C. 2929.03(A)(1)(a), which provides in pertinent part:

(A) If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose sentence on the offender as follows:

(1) Except as provided in division (A)(2) of this section, the trial court shall

impose one of the following sentences on the offender:

(a) Life imprisonment without parole. ***.

{¶ 22} R.C. 2953.08(D) governs review of felony sentencing. R.C. 2953.08(D)(3) provides, _[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section._ The Ohio Supreme Court has held that this is unambiguous: a sentence for aggravated murder imposed pursuant to R.C. 2929.02 to 2929.06 cannot be reviewed. *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 660. Accordingly, evidentiary review of a sentence imposed by a trial court pursuant to R.C. 2929.02(A)(1)(a) is precluded.

{¶ 23} Neither Jones nor the State of Ohio discussed the applicability of R.C. 2953.08(D)(3) in their initial briefs to this court. At oral argument, both sides were invited to file supplemental briefs on the issue. On September 3, 2013, the State of Ohio filed its supplemental brief and on September 10, 2013 and September 11, 2013, Jones filed his brief and supplemental authority, respectively.

{¶ 24} The State argues that both R.C. 2953.08(D)(3) and *Porterfield* prevent review of Jones' life term as to each count of aggravated murder. Jones advances two arguments. First, Jones argues that R.C. 2505.03(A) provides a general right of review of all final orders which would afford him full review of his sentences. While it is true that R.C. 2505.03(A) is a general statute that gives Jones a right to appeal his aggravated murder convictions, it is, nevertheless, a common rule of statutory interpretation which requires that a specific statute prevail over a general statute. See generally *State v. Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37. Thus, the limited appellate review under R.C.

2953.08(D)(3) is construed as an exception to the general statute, R.C. 2505.03(A), which might otherwise apply. Secondly, in its supplemental brief with additional authority, Jones argues that because the Ohio Supreme Court has accepted *State v. Long*, 1st Dist. Hamilton No. C-110160, 2012-Ohio-3052 for review, life without parole sentences are subject to review. However, *Long* involves a juvenile. Jones is an adult. The proposition of law accepted for review in *Long* involves a constitutional challenge under the Eighth Amendment when sentencing a child. This constitutional issue is totally absent in Jones' case. Accordingly, we accept the arguments advanced by the State and find Jones' arguments unpersuasive.

{¶ 25} The Court of Appeals for the 8th District discussed the longstanding history of treating aggravated murder sentencing differently from other felony sentencing in concluding that a sentence of life imprisonment without parole imposed by a three-judge panel pursuant to R.C. 2929.03 is not subject to review by the appellate court:

> The General Assembly's practice of treating sentencing for aggravated murder and murder convictions differently from other felonies is longstanding. Before the 1996 Senate Bill 2 felony sentencing amendments, the courts likewise held that the general felony sentencing requirements did not apply in aggravated murder cases. (Citations omitted). Defendant has shown nothing to indicate that the General Assembly intended to change this well-established sentencing practice and the comprehensive sentencing scheme in aggravated murder and murder cases.

*State v. Hollingsworth*, 143 Ohio App.3d 562, 569, 758 N.E.2d 713 (8th Dist. 2001).

{¶ 26} Pursuant to R.C. 2953.08(D)(3) and case law interpreting this statute, this Court is without statutory authority to review appellant's sentence on an evidentiary basis. Jones' second assignment of error is overruled.

{¶ 27} Jones' third assignment of error is as follows:

{¶ 28} "THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING THE FINDINGS REQUIRED BY R.C. 2929.14(C) AND CRIM. R. 32(A)(4) AT THE SENTENCING HEARING, AND WITHOUT HAVING THE FACTUAL BASIS TO MAKE THOSE FINDINGS. SENTENCING ENTRY; T.P. 1-10 (DISPOSITION)."

{¶ 29} In his third assignment of error, Jones contends that the trial court erred when it failed to make the required findings in order to impose consecutive sentences and that the record does not support the imposition of consecutive sentences.

{¶ 30} Prior to H.B. 86, R.C. 2929.14(E)(4) required, as a predicate to imposing consecutive sentences, a finding that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," as well as one of three additional findings. Former R.C. 2929.14(E)(4). In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 270, the Ohio Supreme Court held that the statutory requirement to make certain findings before imposing consecutive sentences violated the United States Constitution, and it severed that requirement from the statute. *Id.* at ¶ 99-102.

{¶ 31} With H.B. 86, Ohio's sentencing scheme again requires judicial fact-finding

for consecutive sentences. Former R.C. 2929.14(B) and (C), which had been severed, were formally deleted, and the judicial fact-finding requirement for consecutive sentencing, previously set forth in R.C. 2929.14(E), was reenacted and codified as R.C. 2929.14(C).

{¶ 32} R.C. 2929.14(E) now provides that the trial court "shall impose sentence upon the offender in accordance with section 2971.03 of the Revised Code, and Chapter 2971 of the Revised Code applies regarding the prison term or term of life imprisonment without parole imposed upon the offender and the service of that term of imprisonment" if any of six enumerated conditions apply.

{¶ 33} R.C. 2929.14(C)(4) authorizes the court to require an offender to serve consecutively multiple prison terms for convictions on multiple offenses. Consecutive sentences can be imposed if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for

any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 34} In its brief, the State concedes that the trial court failed to make the requisite findings pursuant to R.C. 2929.14(C)(4) before imposing consecutive sentences. Until that occurs, we need not address Jones' argument regarding whether the record supports the imposition of consecutive sentences. Accordingly, the judgment is reversed, in part, and this matter is remanded to the trial court so that it may make the requisite findings pursuant to R.C. 2929.14(C)(4) before imposing consecutive sentences.

{¶ 35} Jones' third assignment of error is sustained in part.[3]

{¶ 36} Jones' fourth and final assignment of error is as follows:

{¶ 37} "THE TRIAL COURT ERRED BY IMPOSING APPOINTED COUNSEL FEES AND COURT COSTS."

{¶ 38} In his final assignment, Jones argues that the trial court erred when it failed to impose court costs and attorney fees at the sentencing hearing, yet did so in the judgment entry of conviction. The State concedes that it was error for the trial court to fail to orally notify Jones at the sentencing hearing that it was imposing court costs and attorney fees.

---

[3]We note that this Court's remand of this matter does not imply either approval or disapproval of the sentence imposed; rather, it denotes only that the requisite findings to support the imposition of consecutive sentences are not part of the record herein.

Thus, we remand this matter to the trial court for the limited purpose of allowing Jones to move the court for a waiver of the payment of court costs and attorney fees.

**{¶ 39}** Jones' fourth and final assignment of is sustained.

**{¶ 40}** In light of our disposition with respect to Jones' third and fourth assignments of error, the trial court's judgment is reversed, in part, and this matter is remanded to the trial court for proceedings consistent with this opinion. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, J., dissenting in part and concurring in judgment:

**{¶ 41}** The certified conflict question presented in *Porterfield* was "Whether the language of R.C. 2953.08(D) prohibits appellate review of a trial court's sentence when the defendant is convicted of aggravated murder and sentenced pursuant to a jointly-recommended sentence." *Id.* at ¶ 5.

**{¶ 42}** Similarly, in *Hollingsworth*, the defendant was sentenced pursuant to a plea bargain in which the parties agreed that the defendant would not be sentenced to the maximum (death) or the minimum (life imprisonment with parole eligibility after twenty-five full years). He appealed that his sentence of life imprisonment without the eligibility for parole was "contrary to Ohio law and violates R.C. 2929.11 and 2929.12." I do not believe these cases control this appeal.

**{¶ 43}** R.C. 2953.08(D)(3) prohibits appellate review under R.C. 2953.08 of any sentence imposed for aggravated murder. R.C. 2953.08 is titled "Appeals based on felony

sentencing guidelines." It allows the right to appeal - except in certain situations, including aggravated murder - on specific listed grounds; it does not prohibit an appeal, even in cases of aggravated murder, on other, non-listed grounds. Here, Jones's assignment of error (No. 2) is that "the trial court abused its discretion by imposing sentences of life without parole;" this is not one of the listed grounds barred by R.C. 2953.08 to aggravated murder defendants.

{¶ 44} I would find that we do have the authority to review the appeal of the aggravated murder sentence, but otherwise concur in the opinion of the majority.

. . . . . . . . . .

Copies mailed to:

Lisa M. Fannin
Stephen P. Hardwick
Hon. Douglas M. Rastatter