[Cite as *State v. Jones*, 2019-Ohio-238.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-17 |
| | : | |
| v. | : | Trial Court Case No. 2012-CR-55 |
| | : | |
| TIMOTHY JONES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of January, 2019.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, Clark County Courts Building, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

ROBERT A. BRENNER, Atty. Reg. No. 0067714, P.O. Box 340214, Beavercreek, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on Timothy Jones's February 2, 2018 Notice of Appeal. Jones appeals from the trial court's January 29, 2018 Judgment Entry of Conviction, which followed a remand from this Court for resentencing. *See State v. Jones*, 2d Dist. Clark No. 2012-CA-61, 2013-Ohio-4820 ("*Jones I*"). We hereby affirm the judgment of the trial court.

{¶ 2} On August 3, 2012, Jones was convicted, following a jury trial, on two counts of aggravated murder, in violation of R.C. 2903.01(A), with attendant firearm specifications, and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2). He was sentenced to life in prison without the possibility of parole on each of the aggravated murder counts, plus three years for each firearm specification, and to three years on the single count of having weapons while under disability. The court ordered the aggravated murder sentences to be served consecutively to each other and the sentence for having weapons while under disability to be served concurrently to the life sentences.

{¶ 3} On November 1, 2013, on Jones's direct appeal, this Court reversed his conviction in part and remanded the matter to the trial court for it to "make the requisite findings pursuant to R.C. 2929.14(C)(4) before imposing consecutive sentences" and "for the limited purpose of allowing Jones to move the court for a waiver of the payment of court costs and attorney fees." *Jones I* at ¶ 34, 38.

{¶ 4} On November 6, 2013, the trial court issued a "Supplement to Judgment Entry of Conviction," which made findings regarding the imposition of consecutive sentences and purported to re-impose the consecutive life sentences. However,

because the trial court did not conduct a resentencing hearing at this time, its supplemental entry still failed to properly impose the consecutive sentences.

{¶ 5} Several years later, on January 17, 2018, the court filed an Entry that referenced our "mandate" that Jones be resentenced, appointed counsel to represent Jones at resentencing, and addressed when a hearing might be scheduled. Jones was resentenced on January 29, 2018, to the same term of years as previously imposed. The court stated in part as follows at the hearing:

> I do find that consecutive sentences are necessary to protect the public from future crime and to punish the defendant. That they are not disproportionate to the seriousness of his conduct and to the danger he poses to the public.
>
> That he committed these two offenses as part of a course of conduct and the harm caused was so great that no single prison term for either of the offenses adequately reflects the seriousness of his conduct and that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

{¶ 6} Similarly, the court's January 29, 2018 Judgment Entry of Conviction provides:

> The Court found pursuant to Ohio Revised Code Section 2929.14(C)(4) that consecutive sentences (1) are necessary to protect the public from future crime and to punish the defendant, (2) are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public, (3) are necessary to protect the

public from future crime by the defendant given the defendant's history of criminal conduct, and (4) at least two of the multiple offenses were committed as part of a course of conduct and the harm caused by the offenses so committed was so great or unusual that no single prison term adequately reflects the seriousness of the defendant's conduct.

IT IS HEREBY ORDERED that the defendant be sentenced to LIFE WITHOUT PAROLE plus a three (3) year firearm specification on each of the aggravated murder convictions to run consecutively to one another and to three (3) years in the Ohio State Penitentiary on the HWUD conviction to run concurrently with the aggravated murder sentences * * *.

{¶ 7} The court did not impose court costs and attorney fees at the resentencing.

{¶ 8} We note, as does the State, that in 2015, after the trial court attempted to re-impose sentence and before the 2018 proceedings in which it complied with our remand, Jones sought habeas corpus relief in federal court. *Jones v. Warden, Ross Correctional Inst.*, S.D. Ohio No. 3:15-cv-164, 2015 WL 6604578 (Oct. 29, 2015). As summarized by the Sixth Circuit Court of Appeals in *Jones v. Warden, Ross Corr. Inst.,* 6th Cir. No. 17-3518, 2017 WL 9439150 (Dec. 4, 2017), *1:

In May 2015, Jones filed a habeas petition pursuant to 28 U.S.C. § 2254, asserting eleven claims. In Claim 3, Jones argued that the trial court erred by imposing consecutive sentences without making the required findings or allowing Jones to be present when those findings were made.

The magistrate judge recommended that the district court dismiss all eleven claims, and, upon objections filed by Jones and orders of

recommittal by the district court, filed two supplemental reports recommending the same outcome. Over Jones's objections, the district court adopted the magistrate judge's recommendations, dismissed the petition, and denied a COA[1]. Jones appealed, and this court dismissed his appeal as untimely. *Jones v. Hooks,* No. 16-3798, 2016 WL 9505989 (6th Cir. Sept. 21, 2016).

In March 2017, Jones filed a motion to reopen his § 2254 petition pursuant to Rule 60(b), arguing that the Supplement[2] did not constitute a final appealable order in state court, "rendering any judgment, order, or opinion by a subsequent reviewing court void."

The magistrate judge recommended dismissing the Rule 60(b) motion because: (1) Jones's § 2254 petition was not dismissed as untimely; (2) Jones did not provide the order he received on remand; (3) the district court had subject-matter jurisdiction; and (4) Jones's claim was presented and rejected in his § 2254 petition. Jones objected, and the district court recommitted the case to the magistrate judge to consider Jones's objection. In a supplemental report, the magistrate judge noted that: (1) the district court did have jurisdiction to consider Jones's § 2254 petition; and (2) Jones had already challenged the validity of the resentencing Supplement in his original § 2254 petition. Jones objected and repeated his argument that no final appealable order existed in state court. The district court overruled

---

[1] Certificate of Appealability.

[2] November 6, 2013 Supplement to Judgment Entry of Conviction.

Jones's objection, adopted the magistrate judge's recommendations, and dismissed the petition. *Jones v. Warden*, *Ross Corr. Inst.,* No. 3:15-cv-164, 2017 WL 1628434 (S.D. Ohio Apr. 28, 2017).

{¶ 9} Jones appealed the district court's judgment denying his motion for relief from judgment pursuant to Fed.R.Civ.P. 60(B) and applied for a certificate of appealability in *Jones v. Ross Corr. Inst.,* 6th Cir. No. 17-3518, 2017 WL 9439150 (Dec. 4, 2017), *1. The Sixth Circuit denied his application for a certificate of appealability and denied "his construed motion for an order authorizing the district court to hear a second or successive habeas petition."

{¶ 10} Counsel for Jones filed his instant brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967). Counsel asserts that he "has reviewed this case (including the file at the clerk's office), and can find no error by the trial court prejudicial to the rights of the Appellant which may be argued to this Court on appeal." Counsel asserts two potential assignments of error. His first potential assignment of error is as follows:

THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE LIFE TERMS ON APPELLANT FOR HIS AGGRAVATED MURDER CONVICTIONS.

{¶ 11} Counsel for Jones concedes that at "the re-sentencing, the trial court made the necessary findings to impose consecutive sentences. * * * Therefore, Appellant's appointed counsel does not see a non-frivolous issue to argue here." Counsel further concedes that Jones "shot and killed two separate victims in this case" and "had previously served prison time for a felonious assault with a gun." Counsel asserts that

he "is unable to make a non-frivolous argument that consecutive prison terms are not supported by the record."

{¶ 12} We agree with appellate counsel that the trial court made the necessary findings in imposing consecutive sentences as required by R.C. 2929.14(C). As this Court noted in *Jones I*:

R.C. 2929.14(C)(4) authorizes the court to require an offender to serve consecutively multiple prison terms for convictions on multiple offenses. Consecutive sentences can be imposed if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime

by the offender.

*Jones I*, 2d Dist. Clark No. 2012-CA-61, 2013-Ohio-4820, ¶ 33.

{¶ 13} At the resentencing hearing, the prosecutor indicated to the court that "prior to committing these aggravated murders, this defendant had been in prison for another felony offense of violence where he had shot somebody so he does have, again, a prior prison sentence that shows he is certainly a danger to the community," and Jones acknowledged that he had "been to the penitentiary before." As we noted in *Jones I*, Jones killed Dovon Williams and Arbrie Smith. *Id.* at ¶ 2. This Court noted that in committing the murders, "Jones pulled out a handgun and shot Arbrie Smith in the head multiple times, killing him. Williams attempted to run away, but Jones chased him down and shot him several times, killing him as well." *Id.*

{¶ 14} We agree with counsel for Jones that this first potential assignment of error is wholly frivolous.

{¶ 15} Counsel for Jones asserts the following additional potential assignment of error:

THE TRIAL COURT ERRED BY IMPOSING COURT COSTS AND

ATTORNEY FEES.

{¶ 16} Defense counsel acknowledges that the "trial court did not impose court costs or appointed counsel fees at the re-sentencing (either verbally or in the Entry) and so Appellant's appointed counsel does not see an issue here." We agree with defense counsel that this potential assigned error is also wholly frivolous.

{¶ 17} This Court advised Jones that counsel filed a brief pursuant to *Anders* and

invited him to file any pro se assignments for our review. Jones asserts three assignments of error in his pro se brief. We will consider his first and third assignments of error together. They are as follows:

THE DEFENDANT HAS BEEN DEPRIVED OF THE EFFECTIVE ASSISTANCE OF [T]RIAL COUNSEL AT THE RE-SENTENCING HEARING IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION AS WELL AS ARTICLE I § 10 AND ARTICLE I § 16 OHIO CONSTITUTION.

DEFENDANT-APPELLANT IS ENTITLED TO HIS IMMEDIATE DISCHARGE FROM * * * CUSTODY BECAUSE HIS SPEEDY TRIAL RIGHTS HAVE BEEN COMPROMISED IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH & FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AS WELL AS ARTICLE I, § 10 & 16, OHIO CONSTITUTION.

{¶ 18} In his first assignment of error, Jones asserts that "this Court of Appeals ordered a remand to the Clark County Court of Common Pleas in case number 2012-CA-61 on November 1, 2013 for re-sentencing, but the trial court did not conduct a hearing and re-sentence the Appellant until January 29, 2018, more than four (4) years, two (2) months later." He argues that "[i]t is black letter law in Ohio that O.R.C. §2945.71 is inapplicable as to when re-sentencing hearing must be conducted after remand such as in this case, but the law is clear that such re-sentencing must occur after such remand within a reasonable time after such remand is ordered."

{¶ 19} Jones further asserts as follows:

There has been no explanation given in this case by the government for the delay and the Appellant was not required to demand a speedy re-sentencing hearing, because he had not been appointed a re-sentencing attorney by either this [C]ourt of Appeals and or the trial court. Finally, the Appellant was actually prejudiced by such delay in that he experienced prolonged anxiety by such long delay and it prevented him from being able to invoke any viable defense such as filing a motion for new trial based upon a claim of self defense supported with mitigating factors of a mistake of fact and "true man jury" instruction.

Accordingly, when the government negligence caused this delay of more than four years 24 times as that generally sufficient to trigger judicial review (i.e. Four years), and when the presumption of prejudice (self defense, mistake of fact and true man jury instruction) is neither extenuated by the appellant's acquiescence, nor persuasively rebutted by the State of Ohio, the defendant will be entitled to relief. * * *

Accordingly, had re-sentencing counsel filed a pre-sentencing motion for discharge on speedy trial grounds as required under Ohio Criminal Rule 12[(C)], then there is a reasonable probability the entire case would have been dismissed as speedy trial barred.

Wherefore, re[-]sentencing counsel's failure to so move manifests a deficient performance on his part because he failed to perform as well as the average lawyer with ordinary skill and training in the criminal law would consider competent.

Accordingly, under the test of **Strickland v. Washington**, * * * re-sentencing counsel's failure to move the trial court for total dismissal on speedy trial grounds was a deficient performance and Appellant was severely prejudiced because had he done so, Appellant would be free versus the natural life sentence he has received.

Wherefore, re-sentencing counsel must be deemed to have rendered the ineffective assistance of counsel at the re-sentencing hearing held in the trial court on January 29, 2018.

Reversal is warranted.

{¶ 20} In his third assignment of error, Jones asserts that the trial court committed "a speedy violation." He directs our attention in part to Crim.R. 32(A). He argues that "there is no government justification for such delay; the appellant could not demand a speedy re-sentencing hearing because he was not represented by legal counsel in the interval, and he was actually prejudiced by the delay as a [result] of lengthened anxiety and the impairment of the defenses he could have asserted through a motion for new trial." Jones asserts that he was "entitled to his total discharge from state custody on speedy trial grounds."

{¶ 21} According to the State in response, "trial counsel cannot be faulted for [not] filing a motion that was without merit. Moreover, Defendant cannot demonstrate prejudice under *Strickland* – because the argument is without merit, the outcome would not have changed."

{¶ 22} Finally, the State asserts that during "the time between the remand from *Jones I* and his re-sentencing, Defendant has remained imprisoned. * * * Thus, any

delay in re-sentencing Defendant did not, and could not, prejudice Defendant." The State asserts that Jones "will remain in prison for the rest of his life. He cannot credibly claim that he was placed in an anxious state because of the delay in his re-sentencing." The State argues that Jones "was not prevented from filing any postconviction petition or motion by the delay," and "[t]his argument also fails to demonstrate prejudice." The State notes that Crim.R. 32(A) does not apply to resentencing hearings.

{¶ 23} We agree with the State.

"Reversal of a conviction for ineffective assistance of counsel requires that the defendant show first that counsel's performance was deficient and second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 74, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689.

*State v. Castorela-Sotela*, 2d Dist. Montgomery No. 27522, 2018-Ohio-2655, ¶ 7.

{¶ 24} As noted by the Supreme Court of Ohio:

The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. *Klopfer v. North Carolina* (1967), 386 U.S. 213, 222-223, 87 S.Ct. 988, 18 L.Ed.2d 1. Section 10, Article I of the Ohio Constitution also provides an accused "a speedy public trial." *State v. Ladd* (1978), 56 Ohio St.2d 197, 200, 10 O.O.3d 363, 383 N.E.2d 579. Provisions setting forth

time limits for bringing an accused to trial are found in R.C. 2945.71 and 2945.73.

Speedy trial provisions are mandatory, and pursuant to R.C. 2945.73(B), a person not brought to trial within the relevant time constraints "shall be discharged," and further criminal proceedings based on the same conduct are barred. R.C. 2945.72(D). A person charged with a felony shall be brought to trial within 270 days of the date of arrest. R.C. 2945.71(C)(2). If that person is held in jail in lieu of bail, then each day of custody is to be counted as three days. R.C. 2945.71(E). * * *

* * * Upon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits. The rationale supporting speedy-trial legislation is to prevent inexcusable delays caused by indolence within the judicial system. * * *.

*State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 6-8.

**{¶ 25}** In *State v. Simons*, 2d Dist. Champaign No. 2003-CA-29, 2004-Ohio-6061, ¶ 41, this Court noted that

* * * Simons claims the trial court violated his right to a speedy re-sentencing under the Sixth Amendment to the U.S. Constitution. In support, he relies on *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. There the U.S. Supreme Court identified four factors to consider to determine whether a defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the

delay; (3) the defendant's assertion of his right; and (4) whether the delay prejudiced the defendant. Although *Barker* involved a speedy trial issue, most courts have presumed the existence of an analogous constitutional right to a speedy re-sentencing and have applied the foregoing factors when reviewing alleged violations of that right. See, e.g. *State v. Corrigan*, Cuyahoga App. No. 83088, 2004-Ohio-4346; *United States v. Thomas* (6th Cir. 1999), 167 F.3d 299, 303-305.

**{¶ 26}** Herein, the delay in resentencing was lengthy, and the record is not entirely clear why the delay occurred. Perhaps the trial court believed this Court's mandate was satisfied by the supplemental entry of November 6, 2013, although that entry was insufficient. Thereafter, Jones's case was tied up in federal court for a couple of years. However, Jones did not assert his right to a speedy resentencing in the state trial court, and we further conclude that he cannot demonstrate prejudice. As noted in *State v. Creech*, 4th Dist. Scioto No. 16CA3730, 2017-Ohio-6951, which found no prejudice in a five-year delay in resentencing:

Appellate courts have generally held that when the defendant has been incarcerated during the length of the delay, and would not have been eligible for release during that time, no prejudice exists. In *State v. Huber*, 8th Dist. Cuyahoga No. 85082, 2005-Ohio-2625, the court held that because Huber was incarcerated for a sentence longer than the delay between remand and resentencing, no prejudice existed when a nearly one-year delay occurred between remand and resentencing. *Huber* at ¶ 10. Further, in *State v. Bolton*, 8th Dist. Cuyahoga No. 103628, 2016-Ohio-

5706, the court did not find prejudice when a 27-month delay between remand and resentencing occurred. Moreover, in *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892 (8th Dist.), the court held that when [there was] no allegation or finding that the government purposely delayed the defendant's sentencing or acted in bad faith, and the record did not support a finding that the defendant delayed the hearing in any[ ]way, the court viewed the delay as a "serious administrative lapse." However, the court concluded that the 68-month delay, despite being lengthy, did not prejudice the defendant as he could not have been released during the delay. *Nia* at ¶ 33-34.

Finally, in a case with a far longer lapse between remand and resentencing than the case sub judice, in *State v. Holly*, 8th Dist. Cuyahoga No. 102764, 2015-Ohio-4771, the court did not find prejudice when a 15-year delay occurred in resentencing. "There is no doubt that the 15-year delay in resentencing was a serious failure by the criminal justice system. However, Holly had remained lawfully incarcerated during the delay, due to the length of his sentence * * *. Therefore, although the delay in resentencing here was extraordinary, we do not find that Holly was actually prejudiced." *Holly* at ¶ 9.

*Creech* at ¶ 17-18. *See also State v. Martinez*, 3d Dist. Seneca Nos. 13-11-32 and 13-11-21, 2012-Ohio-3750, ¶ 25 (finding a five-year delay between remand and resentencing to be a "serious administrative lapse," but not prejudicial, since "Martinez could not have been released during the five-year delay.)

{¶ 27} While we conclude that the delay herein was also a "serious administrative lapse," and inexcusable, we further conclude that Jones was not prejudiced thereby, since he could not have been released during the delay due to the length of even a single life sentence, had the sentences ultimately been ordered to be served concurrently. We accordingly have no basis to conclude, as Jones asserts, that "had re-sentencing counsel filed a pre-resentencing motion for discharge on speedy trial grounds as required under Ohio Criminal Rule 12[(C)], then there is a probability the entire case would have been dismissed as speedy trial barred." In other words, ineffective assistance is not demonstrated in counsel's failure to seek Jones's discharge, as such a motion would not have altered the outcome of Jones's re-sentencing hearing. Finally, as the State asserts, "appellate courts of this state have repeatedly held that Crim.R. 32(A)'s requirement that a sentence be imposed without unnecessary delay does not apply to resentencing hearings." *State v. Morgan*, 2d Dist. Montgomery No. 27774, 2018-Ohio-3198, ¶ 36.

{¶ 28} For the foregoing reasons, Jones's first and third assignments of error are overruled.

{¶ 29} Jones's second assignment of error is as follows:

THE DEFENDANT-APPELLANT IS CURRENTLY BEING DEPRIVED OF THE ASSISTANCE OF COUNSEL ON THE INSTANT APPEAL AS OF RIGHT.

{¶ 30} According to Jones, since appellate counsel filed an *Anders* brief and motion to withdraw as counsel, he "is presently totally without the assistance of counsel during this appeal as of right." Jones argues that "appellate counsel has failed to recognize, argue and brief the dead bang winner in assignment[s] of error one and three."

Jones asserts that his "speedy trial violation is plain upon this record, tends to be obvious even upon a casual reading of such record, and would have resulted in reversal on appeal in this Court of Appeals if preserved by re-sentencing counsel and the instant counsel Robert Brenner." Jones asserts that appellate counsel's "motion to withdraw and his assertion that this appeal is wholly frivolous is objective proof" that he has rendered ineffective assistance.

{¶ 31} Having concluded that the arguments in Jones's assignments of error one and three are wholly frivolous, we cannot conclude that appellate counsel was ineffective in failing to "recognize, argue and brief" them as Jones asserts. Furthermore, appellate counsel has properly performed his appellate function in filing a brief pursuant to *Anders*, as this Court likewise upon independent review has found no arguably meritorious issue for review. Accordingly, Jones's second assignment of error is overruled.

{¶ 32} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., concurs.

HALL, J., concurring:

{¶ 33} I write separately only to point out that Jones should not be heard to complain about resentencing delay because he shares in responsibility for the delay.

{¶ 34} On November 1, 2013, we reversed the consecutive nature of the two murder sentences, in part, because the trial court had not made the R.C. 2929.14(C) findings. We remanded for the court to make the required findings before imposing the sentences consecutively. On November 6, 2013, the trial court filed the "Supplement to

Judgment Entry of Conviction" that made the R.C. 2929.14(C) consecutive sentence findings but without having conducted a hearing. In Jones's January 29, 2015 "Delayed Application for Reopening" filed in his direct appeal case, Jones attached a November 12, 2013 correspondence from his then-counsel and enclosed a copy of the supplemental entry. The letter included suggestions from counsel about what Jones should do about it. Therefore, as of that time, Jones knew the R.C. 2929.14(C) findings had been made without a resentencing hearing.

**{¶ 35}** Although Jones pursued significant habeas corpus litigation over the ensuing years, he failed during that time to notify us that our mandate of November 1, 2013 was either unclear or unfulfilled. On April 13, 2017, he filed an original action in mandamus in this court requesting that we order resentencing in compliance with our November 1, 2013 mandate. *State ex rel. Timothy Jones v. Rastatter*, Clark County App. No. 17-CA-38. We eventually issued an Alternative Writ of Mandamus and the trial court promptly conducted a resentencing hearing. Jones filed this appeal.

**{¶ 36}** In essence, Jones sat on his rights for several years without taking action, by either appeal, mandamus or motion, to require the court to conduct the resentencing hearing about which he now complains. These circumstances add to my conclusion that Jones shares responsibility for the delay in this case and negate his assertion that he was prejudiced.

**{¶ 37}** I concur.

Copies sent to:

Andrew P. Pickering
Robert Alan Brenner
Timothy Jones
Hon. Douglas M. Rastatter