[Cite as *State v. Buckney*, 2020-Ohio-4927.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-75 |
| | : | |
| v. | : | Trial Court Case No. 2004-CR-820 |
| | : | |
| TODD W. BUCKNEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of October, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

MARK J. BAMBERGER, Atty. Reg. No. 0082053, P.O. Box 189, Spring Valley, Ohio 45370
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Following a jury trial, defendant-appellant Todd W. Buckney was found guilty in March 2005 of three counts of aggravated robbery, one count of aggravated burglary, three counts of kidnapping, three counts of abduction, and one count of disrupting public service. The abduction charges were merged with the kidnapping charges at sentencing. On April 14, 2005, Buckney was sentenced to five years on the first aggravated robbery charge. The trial court sentenced Buckney to ten years each on the aggravated burglary charge and the remaining aggravated robbery charges, finding that Buckney committed the worst form of those offenses. The trial court also sentenced Buckney to three years each on the kidnapping charges. The trial court sentenced Buckney to 18 months on the charge of disrupting public service, finding that Buckney committed the worst form of that offense. Because of Buckney's lengthy criminal history, all sentences were ordered to be served consecutively, with the exception of the kidnapping sentences, which were to be served concurrently with each other but consecutively to all the others. Finally, since Buckney was on post-release control at the time of these offenses, the trial court ordered that he serve an additional year for a post-release control violation consecutively to the above stated terms. Buckney's total sentence was 40½ years.

{¶ 2} In May 2005, Buckney filed his direct appeal, arguing that based upon the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the sentence imposed by the trial court was contrary to law and should therefore be reversed. We agreed with Buckney, holding that pursuant to *Foster*, his sentence was contrary to law. *State v. Buckney*, 2d Dist. Clark No. 2005-CA-56, 2006-Ohio-4148, ¶ 5 ("*Buckney I*"). Because *Foster* instructed that all cases pending on direct

review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing, we reversed Buckney's sentence and remanded for resentencing. *Id.*

{¶ 3} The record establishes that Buckney was not resentenced until September 27, 2019, after he filed a mandamus action in April 2019. At the resentencing hearing, Buckney, represented by counsel, advanced the following arguments: 1) that the 13-year delay in resentencing was unreasonable pursuant to the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); 2) that more of his offenses should have been merged; 3) that his sentence was too harsh; and 4) that the trial court should have imposed a lesser sentence based upon his good institutional record.

{¶ 4} After hearing the parties' respective arguments, the trial court again merged the three convictions for abduction into the three kidnapping convictions and sentenced Buckney as follows: Count I, aggravated robbery, four years in prison; Count II, aggravated burglary, seven years; Count IV, aggravated robbery, seven years; Count V, aggravated robbery, seven years; Count VI, kidnapping, three years; Count VII, kidnapping, three years; Count VIII, kidnapping, three years; and Count XII, disrupting public services, 18 months in prison.[1] The trial court ordered that the sentences imposed for Counts I, II, IV, and V be served consecutively to one another but concurrently with the remaining counts. The trial court also ordered that Counts VI, VII, VIII, and XII be served concurrently to one another. Finally, the trial court ordered Buckney to serve one year in prison for committing a felony offense while on post-release control, to be served

---

[1] Counts IX, X, XI constituted the abduction counts which were merged with the kidnapping counts.

consecutively to the other sentences imposed, for an aggregate sentence of 26 years in prison. It is from this judgment that Buckney now appeals.

{¶ 5} Because they are interrelated, we will discuss Buckney's first and second assignments of error together as follows:

THE TRIAL COURT DEFENSE COUNSEL WAS INEFFECTIVE IN NOT VIGOROUSLY REPRESENTING THE DEFENDANT-APPELLANT'S BEST INTERESTS IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS.

THE TRIAL COURT FAILED TO DEFEND ITS RATIONALE PRIOR TO DENYING SENTENCE MODIFICATION.

{¶ 6} In his first assignment, Buckney contends that he received ineffective assistance from his defense counsel at the resentencing hearing because counsel failed to represent him "vigorously" enough. In his second assignment, Buckney argues that the trial court erred because, pursuant to *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, he was prejudiced by the 13-year delay between our August 2006 remand in *Buckney I* and the resentencing hearing in September 2019. We will analyze Buckney's first and second assignments out of order for the sake of clarity.

{¶ 7} Initially, we note that Buckney includes case law regarding judicial bias in his second assignment of error but provides no argument or evidence to support the inclusion of that issue. We also note that Buckney states in his first assignment that he has "forfeited" any argument regarding the constitutionality of R.C. 2929.02(B)(1). However, R.C. 2929.02(B)(1) relates to penalties for murder and is not at issue in this case since Buckney was not convicted of murder. Thus, we need not address these issues.

**Right to a Speedy Trial**

{¶ 8} Buckney argues that his right to a speedy trial was violated by the delayed resentencing.   As noted by the Supreme Court of Ohio:

The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. *Klopfer v. North Carolina* (1967), 386 U.S. 213, 222-223, 87 S.Ct. 988, 18 L.Ed.2d 1. Section 10, Article I of the Ohio Constitution also provides an accused "a speedy public trial." *State v. Ladd* (1978), 56 Ohio St.2d 197, 200, * * * 383 N.E.2d 579. Provisions setting forth time limits for bringing an accused to trial are found in R.C. 2945.71 and 2945.73.

Speedy trial provisions are mandatory, and pursuant to R.C. 2945.73(B), a person not brought to trial within the relevant time constraints "shall be discharged," and further criminal proceedings based on the same conduct are barred. R.C. 2945.72(D).   A person charged with a felony shall be brought to trial within 270 days of the date of arrest. R.C. 2945.71(C)(2). If that person is held in jail in lieu of bail, then each day of custody is to be counted as three days. R.C. 2945.71(E). * * *

* * * Upon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits. The rationale supporting speedy-trial legislation is to prevent inexcusable delays caused by indolence within the judicial system. * * *

*State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 6-8.   In *State*

*v. Simons*, 2d Dist. Champaign No. 2003-CA-29, 2004-Ohio-6061, ¶ 41, this Court stated the following:

> * * * Simons claims the trial court violated his right to a speedy re-sentencing under the Sixth Amendment to the U.S. Constitution. In support, he relies on *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. There the U.S. Supreme Court identified four factors to consider to determine whether a defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) whether the delay prejudiced the defendant. Although *Barker* involved a speedy trial issue, most courts have presumed the existence of an analogous constitutional right to a speedy re-sentencing and have applied the foregoing factors when reviewing alleged violations of that right. *See, e.g. State v. Corrigan*, Cuyahoga App. No. 83088, 2004-Ohio-4346; *United States v. Thomas* (6th Cir. 1999), 167 F.3d 299, 303-305.

{¶ 9} In Buckney's case, the delay in resentencing was extremely lengthy, and the record provides no explanation for the delay. *State v. Creech*, 4th Dist. Scioto No. 16CA3730, 2017-Ohio-6951, in which the 4th District found no prejudice in a five-year delay in resentencing, stated:

> Appellate courts have generally held that when the defendant has been incarcerated during the length of the delay, and would not have been eligible for release during that time, no prejudice exists. In *State v. Huber*, 8th Dist. Cuyahoga No. 85082, 2005-Ohio-2625, the court held that

because Huber was incarcerated for a sentence longer than the delay between remand and resentencing, no prejudice existed when a nearly one-year delay occurred between remand and resentencing. *Huber* at ¶ 10. Further, in *State v. Bolton*, 8th Dist. Cuyahoga No. 103628, 2016-Ohio-5706, the court did not find prejudice when a 27-month delay between remand and resentencing occurred. Moreover, in *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892 (8th Dist.), the court held that when [there was] no allegation or finding that the government purposely delayed the defendant's sentencing or acted in bad faith, and the record did not support a finding that the defendant delayed the hearing in any[ ]way, the court viewed the delay as a "serious administrative lapse." However, the court concluded that the 68-month delay, despite being lengthy, did not prejudice the defendant as he could not have been released during the delay. *Nia* at ¶ 33-34.

Finally, in a case with a far longer lapse between remand and resentencing than the case sub judice, in *State v. Holly*, 8th Dist. Cuyahoga No. 102764, 2015-Ohio-4771, the court did not find prejudice when a 15-year delay occurred in resentencing. "There is no doubt that the 15-year delay in resentencing was a serious failure by the criminal justice system. However, Holly had remained lawfully incarcerated during the delay, due to the length of his sentence * * *. Therefore, although the delay in resentencing here was extraordinary, we do not find that Holly was actually prejudiced." *Holly* at ¶ 9.

*Creech* at ¶ 17-18. *See also State v. Martinez*, 3d Dist. Seneca Nos. 13-11-32 and 13-11-21, 2012-Ohio-3750, ¶ 25 (finding a five-year delay between remand and resentencing to be a "serious administrative lapse" but not prejudicial, since defendant could not have been released during the five-year delay); *State v. Jones*, 2d Dist. Clark No. 2018-CA-17, 2019-Ohio-238, ¶ 27 (finding that a four-year delay between the court's remand and defendant's resentencing, although a serious administrative lapse, did not prejudice the defendant, since he could not have been released during the delay; therefore ineffective assistance of counsel appointed for resentencing was not demonstrated).

{¶ 10} While we similarly conclude that the delay in this case was a "serious administrative lapse" and inexcusable, we further conclude that Buckney was not prejudiced thereby, since he remained lawfully incarcerated during the delay due to the length of his sentence. Furthermore, we have held that Crim.R. 32(A)'s requirement that a sentence be imposed without unnecessary delay does not apply to resentencing hearings. *State v. Morgan*, 2d Dist. Montgomery No. 27774, 2018-Ohio-3198, ¶ 36. In his brief, Buckney concedes that he could not have been released during the delay due to the length of his sentence.[2] Accordingly, since Buckney remained incarcerated during the 13-year delay and would not have been eligible for release during that time, no prejudice exists.

### Ineffective Assistance of Counsel

{¶ 11} "We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104

---

[2] "It is true enough that the Defendant-Appellant would have served the 15-odd years one way or another." Appellant's Brief at 22.

S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted). *State v. Mitchell*, 2d Dist. Montgomery No. 21957, 2008-Ohio-493, ¶ 31.

{¶ 12} An appellant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible tactic. *State v. Brown*, 38 Ohio St.3d 305, 319, 528 N.E.2d 523 (1988). The test for a claim of ineffective assistance of counsel is not whether counsel pursued every possible defense; the test is whether the defense chosen was objectively reasonable. *Strickland* at 688. A reviewing court may not second-guess decisions of counsel which can be considered matters of strategy. *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985). Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available. *State v. Cook*, 65 Ohio St.3d 516, 524, 605 N.E.2d 70 (1992).

{¶ 13} In Buckney's case, the record establishes that he did not receive ineffective

assistance from his attorney at the resentencing hearing. We note that Buckney does not argue that his counsel failed to make the proper arguments at the resentencing hearing. Rather, he argues that his counsel failed to make the arguments "vigorously" enough. Buckney's claim that counsel failed to represent him "vigorously" enough is insufficient to satisfy the deficient performance prong of the *Strickland* test, let alone to establish that he suffered any prejudice as a result of his counsel's performance. Rather, the record establishes that defense counsel spent a great deal of time at the resentencing hearing arguing on Buckney's behalf. The issues raised by defense counsel during his argument before the trial court included the following: 1) the four *Barker v. Wingo* factors and how Buckney was prejudiced by the 13-year delay between our remand in *Buckney I* and his resentencing in 2019; 2) that Buckney's original sentence was disproportionate to other similarly-situated offenders; 3) that more of Buckney's offenses should have been merged; and 4) that Buckney had been a model inmate during his incarceration without any infractions or instances of bad behavior.

{¶ 14} Buckney also argues that defense counsel was ineffective for failing to present evidence regarding his "record in prison and his clear life modifications." Significantly, the Ohio Supreme Court has held that the Eighth Amendment does not require a resentencing judge to accept and consider new mitigation evidence at a limited resentencing hearing. *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, 73 N.E.3d 414, ¶ 73. Even if this were not the case, the record establishes that defense counsel spoke at length on the topic of Buckney's status as a model inmate and his rehabilitation during his incarceration. Defense counsel stated:

[Buckney] has participated in every program that's been offered to him in

prison, and he's been a model prisoner. He has no tickets whatsoever since he's been in prison. He's a completely changed person.

* * *

The only other thing Mr. Buckney wanted me to point out was his institutional record, and I think his institutional record is included as an attachment to the sentencing memorandum that I filed back on July 17, 2019. The sentencing – or the institutional record, I think, supports the things that I've just said about Mr. Buckney, that he's been a model prisoner, he's had no tickets; and that's, I think, pretty incredible, I guess, or unusual for a person who's been in prison for 15 years to have no tickets the entire time that they're there.

Resentencing Tr. 11-12.

{¶ 15} In light of the foregoing, the record establishes that defense counsel's performance at the resentencing hearing was not deficient, and Buckney did not receive ineffective assistance of counsel.

{¶ 16} Buckney's first and second assignments of error are overruled.

{¶ 17} Buckney's third assignment of error is as follows:

THE TRIAL COURT IMPROPERLY CONSIDER[ED] MERGER OF ALLIED OFFENSES.

{¶ 18} In his third assignment, Buckney argues that the trial court erred when it failed to properly consider the merger of Buckney's various offenses at the resentencing hearing.

{¶ 19} Buckney's merger argument is barred by res judicata because he failed to

raise the argument in his direct appeal from his 2005 convictions. *State v. Byrd*, 2d Dist. Montgomery No. 26700, 2015-Ohio-5293, ¶ 10 ("The failure to merge allied offenses does not render a judgment void, but voidable. * * * Consequently, challenges to the trial court's failure to merge allied offenses are barred by the doctrine of res judicata if they could have been, but were not, raised on direct appeal."); *see also State v. Haynes*, 2d Dist. Clark No. 2013-CA-90, 2014-Ohio-2675, ¶ 14 ("[T]he issues raised in Haynes's assignments of error could have been raised on direct appeal, and are barred by res judicata, regardless of whether they might be characterized as plain error."). Because Buckney could have raised the merger issue in his direct appeal, he is barred by res judicata from doing so in his appeal from his limited resentencing.

**{¶ 20}** Buckney's third assignment of error is overruled.

**{¶ 21}** All of Buckney's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies sent to:

John M. Lintz
Mark J. Bamberger
Hon. Richard J. O'Neill