[Cite as *State v. Howard*, 2012-Ohio-4747.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

| STATE OF OHIO | : | |
|---|---|---|
| Plaintiff-Appellee | : | C.A. CASE NO. 2012-CA-10 |
| vs. | : | T.C. CASE NO. 2003-CR-730 |
| DAVID E. HOWARD, JR. | : | (CRIMINAL APPEAL FROM COMMON PLEAS) |
| Defendant-Appellant | : | |

. . . . . . . . .

**O P I N I O N**

Rendered on the 12th day of October, 2012.

. . . . . . . . .

Stephen K. Haller, Prosecuting Attorney, Nathaniel R. Luken, Assistant Prosecuting Attorney, Atty. Reg. No. 0087864, 61 Greene Street, Xenia, Ohio 45385
          Attorney for Plaintiff-Appellee

Ben M. Swift, Atty. Reg. No. 0065745, 333 West First Street, Suite 445, Dayton, Ohio 45402
          Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant David Howard, Jr. appeals from a December 15, 2011 re-sentencing order that imposed a statutorily-mandated five year term of post-release control.

{¶ 2} In 2004, Defendant pled guilty to aggravated robbery, R.C. 2911.01(A)(3), a felony of the first degree, and felonious assault, R.C. 2903.11(A), a felony of the second degree. The trial court sentenced Defendant to four years in prison for each conviction, with those sentences to be served consecutively. Defendant did not file a direct appeal.

{¶ 3} On December 15, 2011, the trial court re-sentenced Defendant in order to address the issue of post-release control, pursuant to the Ohio Supreme Court's decision in *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. The parties agreed that under current case law, Defendant's convictions are allied offenses of similar import, and the State elected to proceed on the aggravated robbery conviction. The trial court sentenced Defendant to eight years in prison and advised Defendant of the statutorily-mandated five year term of post-release control.

{¶ 4} Defendant appeals, raising one assignment of error.

"THE TRIAL COURT ERRED BY NOT PROPERLY SECURING THE PRESENCE OF THE DEFENDANT-APPELLANT FOR HIS RE-SENTENCING HEARING, NOT OBTAINING A VALID WAIVER FOR HIS NON-APPEARANCE, AND NOT INFORMING DEFENDANT-APPELLANT OF HIS HEARING RIGHTS."

{¶ 5} Defendant offers two arguments in support of his claim that the trial court failed to comply with the requirements of Crim.R. 43 during his re-sentencing hearing. Defendant maintains that the court failed to secure his waiver of his right to be physically present for the re-sentencing hearing and that the court failed to provide a means for him to speak privately with his attorney during those proceedings. For the following reasons, we

conclude that any error with regard to the trial court's failure to fully comply with Crim.R. 43 was harmless beyond a reasonable doubt.

**{¶ 6}** Revised Code Section 2929.191(A) permits a trial court to correct sentencing orders when the court originally failed to advise a defendant of post-release control requirements. Re-sentencing hearings under this section may be conducted via video conference pursuant to R.C. 2929.191(C), as regulated by Crim.R. 43. Pursuant to Crim.R. 43(A)(1) a "defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence." However, proceedings may be held with the defendant appearing by video if a waiver is obtained either in writing or on the record. Crim.R. 43(A)(2) and (3).

**{¶ 7}** The record supports Defendant's contention that he was not physically present in the courtroom for his re-sentencing hearing and that he attended the hearing via video conference. There is no evidence that Defendant waived his right to be physically present for the hearing. However, neither Defendant nor his counsel objected to the video conference. When a defendant fails to object to a video conference appearance, he waives all but plain error. *State v. Morton,* 10th Dist. No. 10AP-562, 2011-Ohio-1488; *State v. Steimle*, 8th Dist. No. 95076, 2011-Ohio-1071.

**{¶ 8}** An appellate court has the discretion to notice plain error under Crim.R. 52(B) "with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of syllabus (1978). Plain error does not exist unless, but for the error, the outcome of the

proceedings would have been different. *State v. Moreland,* 50 Ohio St.3d 58, 552 N.E.2d 894 (1990). We find no plain error here.

{¶ 9} The trial court had no discretion to exercise with respect to the imposition of post-release control upon Defendant because, for a first-degree felony, R.C. 2967.28(B)(1) requires the imposition of a five-year term of post-release control. Therefore, Defendant can show no prejudice due to the lack of his physical presence at the re-sentencing hearing, and the error was harmless.

{¶ 10} Crim. R. 43(A)(2) requires the court, when a sentence is imposed via video conference, to make "provision to allow for private communication between the defendant and counsel," and to "inform the defendant on the record how to, at any time, communicate privately with counsel." Defendant argues that the trial court failed to comply with Crim.R. 43(A)(2)(d) by failing to establish on the record that there were provisions in place to enable him to speak privately with his attorney at the re-sentencing hearing.

{¶ 11} The trial court erred when it failed to take the steps necessary to satisfy Crim. R. 43(A)(2)(d). However, because the court lacked discretion to impose any term of post-release control except the five year term it imposed, the error was non-prejudicial and was likewise harmless.

{¶ 12} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.

Fain, J., and Donovan, J., concur.

**Copies mailed to:**

**Nathaniel R. Luken, Esq.**
**Ben M. Swift, Esq.**
**Hon. Stephen Wolaver**