[Cite as *State v. Dews*, 2016-Ohio-4975.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2015-CA-2 |
| | : | |
| v. | : | Trial Court Case No. 14-CR-253 |
| | : | |
| STEVE S. DEWS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of July, 2016.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. No. 0009172, by ELIZABETH ELLIS, Atty. Reg. No. 0074332, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
  Attorneys for Plaintiff-Appellee

CHARLES W. SLICER, III, Atty. Reg. No. 0059927, 111 West First Street, Suite 518, Dayton, Ohio 45402
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

  **{¶ 1}** Steve S. Dews appeals from his conviction and sentence following a guilty plea to two counts of drug trafficking (cocaine and heroin) and one count of aggravated

drug trafficking (oxycodone).

{¶ 2} In his sole assignment of error, Dews contends the trial court erred in failing to advise him of his appellate rights at sentencing in violation of Crim.R. 32.

{¶ 3} The record reflects that Dews was charged in a seven-count indictment with possession and trafficking of various drugs. (Doc. #1). He pled guilty to the offenses set forth above. In exchange for his plea, the State dismissed four other drug charges and agreed to remain silent at sentencing. The trial court imposed concurrent sentences totaling eight years in prison. (Doc. #52). The trial court did not advise Dews, at the sentencing hearing or in its judgment entry, of his appellate rights.

{¶ 4} Despite the trial court's failure to address Dews' appellate rights, he filed a timely appeal with the assistance of appointed appellate counsel. That counsel later filed an *Anders* brief asserting the absence of non-frivolous issues for our review. In an October 16, 2015 decision and entry, we found a "technical but apparent error" regarding a discrepancy between the sentencing transcript and the trial court's judgment entry. At sentencing, the trial court orally waived a fine but then included the fine in its judgment entry. As a result, we set aside the *Anders* brief and appointed new counsel. At the same time, however, we remanded the case to the trial court, which had recognized the error and desired to correct it. We advised that, following the remand, new counsel would be permitted to proceed at his or her discretion.

{¶ 5} After the trial court corrected the aforementioned technical error, Dews' new appointed counsel filed the appellate brief that is now before us. The only issue raised therein is whether the trial court violated Crim.R. 32 by failing to inform Dews at sentencing about his right to appeal, his right to the assistance of appointed counsel for

appeal, and the procedure and time limits for appealing.[1] For its part, the State concedes that the trial court failed to tell Dews about his appellate rights. The parties' only dispute concerns the remedy. Dews maintains that a remand for resentencing is necessary so the trial court properly can advise him. The State argues that the trial court's failure to inform Dews of his appellate rights constitutes harmless error because he perfected a timely appeal with the assistance of appointed appellate counsel.

{¶ 6} Upon review, we find the State's argument to be persuasive. A trial court's failure to advise a defendant of his appellate rights under Crim.R. 32 is harmless error where, as here, he files a timely notice of appeal with the assistance of appointed counsel. *See*, *e.g.*, *State v. Hudson*, 2d Dist. Montgomery No. 23776, 2010-Ohio-5386, ¶ 12 ("We note that Hudson also asserts in the body of his first assigned error that the trial court failed to inform him of his appellate rights, as required by C[rim].R. 32(B)(2). While the trial court did neglect to so advise Hudson, he has shown no prejudice. Hudson was appointed appellate counsel, he was allowed to proceed in forma pauperis, the transcript of proceedings was prepared at the State's expense, and he timely filed his appeal."); *State v. Fulton,* 2d Dist. Clark No. 2002-CA-62, 2003-Ohio-1556, ¶ 9-10, *reversed on other grounds*, 99 Ohio St.3d 475, 2003-Ohio-4169, 793 N.E.2d 483.

{¶ 7} In opposition to our finding of harmless error, Dews cites *State v. Hunter*, 8th Dist. Cuyahoga No. 92626, 2010-Ohio-657. In that case, the Eighth District reversed and remanded for resentencing based on the trial court's failure to advise the defendant of his

---

[1] We note that Crim.R. 32(B)(1) obligates a trial court to inform a defendant who has gone to trial in a serious-offense case about his right to appeal the conviction. That provision does not apply because Dews pled guilty. However, in all serious-offense cases Crim.R. 32(B)(2) obligates a trial court to advise a defendant "of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed."

appellate rights under Crim.R. 32. A review of the Eighth District's opinion, however, reveals a significant distinction between that case and Dews' case. In *Hunter*, the defendant filed a pro se appeal from his resentencing. The Eighth District's primary concern appears to have been the trial court's failure to inform the defendant of his right to appointed counsel to assist him. *Hunter* at ¶ 17-21. Without being advised of that right, the defendant "was unable to even request counsel to assist with his appeal." *Id*. at ¶ 18. By proceeding pro se, the defendant in *Hunter* was prejudiced by the trial court's failure to comply with Crim.R. 32. Here, however, Dews received the assistance of appointed appellate counsel in conjunction with his timely appeal. Therefore, the trial court's non-compliance with Crim.R. 32 did not prejudice him.

{¶ 8} Based on the reasoning set forth above, we overrule Dews' assignment of error and affirm the judgment of the Greene County Common Pleas Court.

. . . . . . . . . . . . .

DONOVAN, P.J., and FAIN, J., concur.

Copies mailed to:

Stephen K. Haller
Elizabeth Ellis
Charles W Slicer, III
Steve Dews
Hon. Stephen Wolaver