[Cite as *State v. Walters*, 2017-Ohio-5722.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                 :            Case No. 16CA1032

v.                                          :

                                                    DECISION AND
WILLIAM M. WALTERS,                         :            JUDGMENT ENTRY

    Defendant-Appellant.                :            RELEASED 06/30/2017

APPEARANCES:

Steven H. Eckstein, Washington Court House, Ohio, for defendant-appellant William M. Walters.

David Kelley, Adams County Prosecuting Attorney, and Michele Harris, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for plaintiff-appellee State of Ohio.

Hoover, J.

{¶1}   Defendant-appellant, William M. Walters ("Walters"), was convicted of one count of sexual battery following the entry of a guilty plea in the Adams County Court of Common Pleas. Walters filed a direct appeal of his conviction and sentence. In his direct appeal, this Court overruled Walters's assignment of error alleging that his guilty plea was not knowingly, voluntarily, and intelligently made because the trial court failed to explain the maximum and mandatory nature of his potential sentence. In that direct appeal, we sustained Walters's assignment of error alleging that the trial court imposed an unlawful, "hybrid" sentence. Accordingly, we affirmed the judgment in part, reversed the judgment in part, and remanded the matter for resentencing. *State v. Walters*, 4th Dist. Adams No. 15CA1009, 2016-Ohio-5783, ¶¶ 1-3.

{¶2}    Walters was resentenced on remand in accordance with our directives in October 2016; and now appeals from the resentencing judgment entry. On appeal, Walters again argues that his guilty plea was not knowingly, voluntarily, and intelligently made because (1) the trial court failed to explain the maximum and mandatory nature of the potential sentence, and (2) the trial court failed to inform him at the plea hearing that any guilty jury verdict must be made upon unanimous decision of the jury. We conclude that Walters's arguments are barred by the doctrine of res judicata; and consequently, we do not reach the merits of this case.

{¶3}    Accordingly, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

{¶4}    We set forth the facts as determined previously in Walters's direct appeal of this matter. Walters was charged with one count of sexual battery in violation of R.C. 2907.03(A)(5) pursuant to a bill of information filed on September 25, 2014. The bill of information also contained a specification alleging that the victim was less than 13 years old at the time of the offense making the offense a felony of the second degree and subjecting Walters to a mandatory prison term. A supplemental indictment was filed on October 23, 2014, charging Walters with one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. Although Walters initially pleaded not guilty to the charges, he later agreed to plead guilty to the sexual battery offense. The rape charged was dismissed as a result of the plea agreement.

{¶5}    At the March 16, 2015 change of plea hearing, the trial court endeavored to ascertain if Walters understood his rights. The trial court then accepted Walters's guilty plea, found him guilty of the sexual battery offense and specification, and ordered that sentencing be held at a later date. On March 27, 2015, Walters filed a motion to withdraw his guilty plea arguing that he only pleaded guilty out of fear and panic that he could receive a life term if he

proceeded to a jury trial and was found guilty of both counts, and that he and the alleged victim did not reside in Adams County during the time of the alleged offenses. The trial court denied the motion to withdraw Walters's guilty plea after a hearing on the matter. Ultimately, the sentencing hearing was held on July 2, 2015; and the trial court ordered Walters to serve "a stated prison term of seven years in the Ohio Department of Rehabilitations and Corrections * * *again, there's- uh, the seven year sentence is mandatory, uh, the two years is minimum mandatory". Likewise, the sentencing entry stated that Walters must "serve a mandatory stated prison term of Seven (7) years, in the Ohio Department of Rehabilitation and Corrections, with minimum mandatory Two (2) years." Walters was also classified as a Tier III sex offender, and ordered to pay fines and costs.

{¶6}     Walters appealed his conviction and sentence, arguing that his guilty plea was not knowingly, voluntarily, and intelligently made because the trial court failed to explain the maximum and mandatory nature of his potential sentence. Walters also contended that the trial court erred by imposing an unlawful, "hybrid" sentence. We found that the trial court had confirmed that Walters understood the maximum penalties and mandatory nature of the penalties before accepting his guilty plea, and thus had substantially complied with Crim.R. 11. However, we also found that the trial court's sentencing entry contained contradictory language suggesting the imposition of a prison term containing mandatory and discretionary sub-terms. We determined that the "hybrid" sentence was not authorized by law, was contrary to law, and constituted plain error. Therefore, we affirmed the judgment in part, reversed the judgment in part, and remanded the matter for resentencing. *State v. Walters*, 4th Dist. Adams No. 15CA1009, 2016-Ohio-5783, ¶¶ 1-3.

{¶7}    A resentencing hearing was held on October 5, 2016, and that same day the trial

court released its resentencing judgment entry. The contradictory language that gave rise to the

remand and resentencing hearing was eliminated from the resentencing judgment entry.

Nonetheless, immediately after the resentencing judgment entry was journalized, Walters filed a

timely notice of appeal.

## II. Assignment of Error

{¶8}    Walters assigns the following error for our review:

Assignment of Error I:

> DEFENDANT-APPELLANT WAS DEPRIVED OF HIS RIGHT TO DUE
> PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED
> STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO
> CONSTITUTION WHEN THE TRIAL COURT ACCEPTED AN
> UNKNOWING, UNINTELLIGENT, AND INVOLUNTARY GUILTY PLEA.

## III. Law and Analysis

{¶9}    In his sole assignment of error, Walters contends that his guilty plea was not

knowing, voluntary, and intelligent because (1) the trial court failed to explain the maximum and

mandatory nature of the potential sentence, and (2) the trial court failed to inform him at the plea

hearing that any guilty jury verdict must be made upon unanimous decision of the jury. We

conclude that both arguments raised in support of the sole assignment of error are barred by the

doctrine of res judicata.

{¶10}   "Under the doctrine of *res judicata*, a final judgment of conviction bars a

convicted defendant who was represented by counsel from raising and litigating in any

proceeding, except an appeal from that judgment, any defense or any claimed lack of due process

that was raised or could have been raised by the defendant at trial, which resulted in that

judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. *Accord State v. Pulliam*, 4th Dist. Scioto No. 16CA3759, 2017-Ohio-127, ¶ 10.

{¶11} Here, Walters's first argument in support of his sole assignment of error – that the trial court failed to explain the maximum and mandatory nature of the potential sentence at the plea hearing – is identical to the argument raised in his direct appeal. As noted above, we denied the argument and concluded that the trial court had adequately explained the maximum penalties and mandatory nature of the penalties before accepting his guilty plea, and thus had substantially complied with Crim.R. 11. Accordingly, because Walters has raised an argument identical to this one in his direct appeal of this matter, he is now barred under the doctrine of res judicata from attempting to re-litigate that issue now.

{¶12} In his second argument in support of his sole assignment of error, Walters contends that his guilty plea was not knowingly, voluntarily, and intelligently made because the trial court failed to inform him at the plea hearing that any guilty jury verdict must be made upon unanimous decision of the jury.

{¶13} Although Walters did contend in his direct appeal that his guilty plea was not knowingly, voluntarily, and intelligently made, he did not advance the unanimity argument in that appeal. It is well settled that "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Thus, because Walters failed to raise this argument as part of his direct appeal, the argument is barred by the doctrine of res judicata and he cannot now raise it on appeal from his resentencing judgment entry. This result is consistent with the case law on the issue. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942

N.E.2d 332, ¶¶ 32-36 (holding that appeal from a resentencing on remand from an appeal which held that a sentence was void is not the "first direct appeal as of right", and, thus, defendant's claims that were not raised in his first direct appeal were barred by res judicata); *State v. Elmore*, 2017-Ohio-925, --N.E.3d--, ¶¶ 13-18 (7th Dist.) (holding that doctrine of res judicata precluded defendant from raising merger argument on appeal from resentencing when defendant failed to raise the argument during his initial sentencing and direct appeal); *State v. Carnahan*, 3d Dist. Defiance No. 4-15-18, 2016-Ohio-3213, ¶ 22 (on appeal from resentencing entry, appellate court held that defendant's argument that his guilty plea was not knowing, intelligent, and voluntary was barred by res judicata because he had the opportunity to raise the issue to the trial court or in his direct appeal); *State v. Steimle*, 8th Dist. Cuyahoga Nos. 82183 & 82184, 2003-Ohio-4816, ¶ 11 (on appeal from resentencing entry, trial court held that "res judicata bars further consideration of [defendant's plea] arguments" where defendant failed "to properly raise the plea issues in his first direct appeal").

## IV. Conclusion

{¶14}   Based on the foregoing, we conclude that both arguments raised in support of Walters's sole assignment of error are barred by the doctrine of res judicata. Thus, Walters's sole assignment of error is overruled and the judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J., and Abele, J.: Concur in Judgment and Opinion.

For the Court

By: _____
　　　Marie Hoover, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**