[Cite as *State v. Bond*, 2023-Ohio-3996.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29794 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 03825 |
| | : | |
| DOSHIE G. BOND | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 3, 2023

. . . . . . . . . . .

DOSHIE G. BOND, Pro Se Appellant

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Doshie G. Bond appeals from the trial court's judgment resentencing him pursuant to our mandate in *State v. Bond*, 2d Dist. Montgomery No. 29516, 2023-Ohio-1226. Because the trial court erred by proceeding with the resentencing hearing when Bond did not have an attorney present, we must reverse the judgment and remand the cause for the limited purpose of resentencing Bond in the

presence of his counsel. In all other respects, the judgment of the trial court will be affirmed.

I.      Facts and Course of Proceedings

{¶ 2} This matter is before us for a second time on appeal. Our prior opinion contains a more complete recitation of the underlying facts that resulted in Bond's felonious assault conviction. For purposes of clarity and convenience, we will repeat some of those facts herein.

{¶ 3} On October 26, 2021, Bond purchased some flooring at the Grandview Home Center Outlet in Trotwood. The following day, he returned to the store seeking to return the product, which he claimed was defective. Bond spoke with store employees Ginger Ashworth and Jennifer McCarty, both of whom informed him that the store did not accept returns or exchanges. Bond asked to speak to "the man." Bond then went outside to his truck, which was located beside a loading garage. Ginger Ashworth then informed her husband, Ronald, that Bond wanted to speak to him.

{¶ 4} Ronald approached Bond, who had opened the loading garage door. Ronald informed Bond that the store would not accept returns. He then closed and locked the garage door and reentered the store. Bond subsequently reentered the store and confronted Ronald. Bond punched Ronald two times, and Ronald fell to the floor. Bond then struck him again. As a result of this attack, Ronald suffered serious injuries, including a broken jaw requiring surgical repair, a fractured orbital bone, a fractured rib, a lost tooth, and a closed head injury.

{¶ 5} On November 29, 2021, Bond was indicted on one count of felonious assault (serious physical harm) in violation of R.C. 2903.11(A)(1). Following a jury trial, Bond was found guilty of the indicted charge. On June 23, 2022, the trial court entered judgment, sentencing Bond to an indefinite prison term of eight to twelve years. Bond appealed.

{¶ 6} On April 14, 2023, we issued our judgment in Bond's direct appeal. We resolved Bond's assignments of error as follows: (1) we overruled his contention that the trial court had abused its discretion by denying his request to give the jury an instruction on aggravated assault as an inferior-degree offense of felonious assault; (2) we overruled his argument that the trial court had erred when it admitted into evidence the video surveillance footage, because nothing indicated the video constituted hearsay and the State properly authenticated the photographic evidence; (3) we overruled his argument that the trial court had erred in dismissing a female juror but not a male juror when they appeared to be sleeping during trial; and (4) we overruled his claim of ineffective assistance of counsel. The State conceded error on Bond's remaining assignment of error, which involved his contention that the trial court had erred at sentencing by failing to provide him with the mandatory Reagan Tokes Act notices regarding the rebuttable presumption that he would be released from prison at the expiration of the minimum sentence imposed. Therefore, we sustained that assignment of error, reversed the judgment as to the sentence, and remanded the matter for the sole purpose of resentencing Bond to provide the proper R.C. 2919.19(B)(2)(c) notifications. We

affirmed the judgment of the trial court in all other respects.[1]  *Bond*, 2d Dist. Montgomery No. 29516, 2023-Ohio-1226, at ¶ 27, 46.

{¶ 7} On May 5, 2023, Mallorie Thomas, previous appellate counsel for Bond, filed a motion with the trial court to withdraw as Bond's counsel and to appoint new counsel. In her motion to withdraw, Attorney Thomas stated, in part, "Thus, for Mr. Bond's rights to be properly protected during the proceedings on remand, undersigned counsel respectfully requests this Court appoint new counsel to represent Mr. Bond."

{¶ 8} On May 10, 2023, without having ruled on counsel's motion to withdraw, the trial court held a resentencing hearing on remand pursuant to the instructions in our April 14, 2023 opinion.  Bond was not represented by counsel at the resentencing hearing. The trial court entered a final judgment the next day.  On May 19, 2023, Bond filed a pro se notice of appeal.  We then appointed Bond appellate counsel to represent him in the present appeal.  On August 2, 2023, however, Bond filed a motion to remove his appellate counsel.  Bond also filed a waiver acknowledging that he chose to proceed without counsel in this appeal and had knowingly and voluntarily waived access to personal copies of the record prepared for him at State's expense and provided to him by the court.  We granted Bond's motion to remove his appellate counsel and proceed pro se in this appeal.  Bond then filed his pro se appellate brief and the State filed its response brief.

---

[1] Bond subsequently filed a motion for reconsideration and a motion to certify a conflict. On June 5, 2023, we overruled both motions.  On July 26, 2023, Bond filed an application for reopening, which we overruled as untimely.  Bond has since filed a successive application for reopening, which we will address in a separate decision.

II.     The State Concedes that the Matter Must Be Remanded to Allow Bond to Have Counsel Present During Resentencing

**{¶ 9}** Bond's first assignment of error states:

During resentencing the trial court denied the right of counsel at the critical stage and had not made it apparent to the defendant that counsel was present [sic] is a structural error that violated the Sixth Amendment, Fourteenth Amendment, and Ohio Constitution Article 1 § 10.

**{¶ 10}** Bond contends that the trial court denied him his right to counsel when the trial court proceeded with the resentencing of Bond via video conference without the presence of any defense counsel.   The State agrees with Bond "and asks that this matter be remanded back to the trial court with the instruction that the trial court corrects its mistake by allowing Bond's counsel to be present at the resentencing hearing."   State's Brief, p. 2.

**{¶ 11}** "The Sixth Amendment right to counsel applies to critical stages of criminal proceedings."   *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, 21 N.E.3d 1033, ¶ 13, citing *United States v. Wade*, 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).   In *Wade*, the court explained that, "in addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial."   (Citations omitted.)   *Wade* at 226.

**{¶ 12}** In *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), the United States Supreme Court explained that sentencing is a critical stage of

the proceedings and stated that "[t]he defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process."   The Ohio Supreme Court has since held that a resentencing hearing conducted for a limited purpose "is a critical stage of a criminal proceeding."   *Schleiger* at ¶ 15.

**{¶ 13}** We have reviewed the transcript from the May 10, 2023 resentencing hearing.   It is clear from the transcript that the State was represented by counsel at the resentencing hearing, but Bond was not represented by counsel.   There is no evidence in the record, including the resentencing transcript, that Bond waived his right to have counsel present at the resentencing hearing.   Further, at the time of the resentencing hearing, there was a motion pending before the trial court requesting that it appoint new counsel to represent Bond.   On this record, we agree with Bond and the State that the matter must be remanded to the trial court for a resentencing hearing at which Bond has the opportunity to be represented by counsel.

**{¶ 14}** The first assignment of error is sustained.

III.     Bond's Arguments Contained in His Second and Fourth Assignments of Error Are Barred by Res Judicata

**{¶ 15}** We will address Bond's second and fourth assignments of error together, because they both concern issues that could have been raised in his direct appeal. Bond's second assignment of error states:

Reagan Tokes Law pursuant to R.C. 2967.271 compels notification

as 2967.12 conflict with notifying of due process that would interfere upon release after completion of minimum sentence violates the Fifth Amendment, Fourteenth Amendment, and Ohio Constitution Article 1 § 10 and 16.

{¶ 16} Bond's fourth assignment of error states:

The trial court erred with in compliance with the consistency of 2929.11 when it sentenced appellant of a single count offense of eight-year minimum and twelve-year maximum term mandatory sentence.

{¶ 17} In these two assignments of error, Bond contends that the Reagan Tokes Act is unconstitutional and that his maximum prison sentence is contrary to law. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Simply stated, "res judicata bars the consideration of issues that could have been raised on direct appeal." *State v. Shah*, 2d Dist. Montgomery No. 29685, 2023-Ohio-2328, ¶ 12, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17.

{¶ 18} Bond had an opportunity to raise the issues contained in his second and fourth assignments of error on direct appeal, but he failed to do so. Because Bond failed to raise these arguments as part of his direct appeal, they are barred by the doctrine of

res judicata, and he cannot now raise them on appeal from his limited resentencing. *State v. Buckney*, 2d Dist. Clark No. 2019-CA-75, 2020-Ohio-4927, ¶ 19; *State v. Walters*, 4th Dist. Adams No. 16CA1032, 2017-Ohio-5722, ¶ 13.

{¶ 19} The second and fourth assignments of error are overruled.

IV.     The Trial Court's Failure to Notify Bond of His Appellate Rights Was Harmless Error

{¶ 20} Bond's third assignment of error states:

The trial court erred when it failed to notify Appellant of his right to appeal his postrelease sentence after the resentencing hearing violated the Fifth Amendment, Fourteenth Amendment, and Ohio Constitution Article 1 § 10 and 16.

{¶ 21} Bond contends that the trial court did not inform him of his Crim.R. 32(B) appellate rights, which violated his right to due process.   Bond's Brief, p. 17.   According to Bond, "[t]rial judges must be meticulous and precise in following each of the requirements of Rule 32 in every case."   *Id.* at 18.   However, Bond acknowledges that "a sentencing court's failure to inform a defendant of his right to appeal is subject to a harmless error analysis."   *Id.*

{¶ 22} While the State concedes that the trial court failed to advise Bond of his appellate rights during his resentencing hearing, the State contends that this error was

harmless because Bond timely filed his notice of appeal. Further, the State points out that Bond was informed of his appellate rights during his original sentencing hearing.

{¶ 23} Crim.R. 32(B)(1) sets forth the trial court's duty to notify the defendant of his right to appeal his conviction. In addition, Crim.R. 32(B)(3) sets forth additional notifications the trial court must give the defendant relating to his right to appeal. It is undisputed that the trial court did not advise Bond of his appellate rights during the resentencing hearing in this case. But that does not end our inquiry. As both Bond and the State acknowledge, the trial court's error in this regard is subject to a harmless error analysis.

{¶ 24} In *State v. Dews*, 2d Dist. Greene No. 2015-CA-2, 2016-Ohio-4975, ¶ 6, we held that "[a] trial court's failure to advise a defendant of his appellate rights under Crim.R. 32 is harmless error where, as here, he files a timely notice of appeal with the assistance of appointed counsel." We distinguished that case from the case of *State v. Hunter*, 8th Dist. Cuyahoga No. 92625, 2010-Ohio-657. In that case, the Eighth District reversed and remanded for resentencing based on the trial court's failure to advise the defendant of his appellate rights under Crim.R. 32. In *Hunter*, the defendant filed a pro se appeal from his resentencing, and the Eighth District's primary concern appeared to be the trial court's failure to inform the defendant of his right to appointed counsel to assist him. *Id.* at ¶ 17–21. Without being advised of that right, the defendant "was unable to even request counsel to assist with his appeal." *Id.* at ¶ 18. By proceeding pro se, the defendant in *Hunter* was prejudiced by the trial court's failure to comply with Crim.R. 32.

{¶ 25} The facts in Bond's appeal are not squarely on point with the facts in *Dews*

or *Hunter*. However, we believe the facts are closer to the *Dews* case. Here, Bond exercised his appellate rights by filing pro se a timely notice of appeal. We then appointed appellate counsel to represent him on appeal. The appointment of appellate counsel would assuage the *Hunter* court's concern about the appellant not knowing he could request counsel to assist with his appeal. Upon the record before us, we conclude that the trial court's error in failing to advise Bond of his appellate rights was harmless. *See Dews* at ¶ 6. Further, we note that, given our disposition of the first assignment of error, this cause will be remanded for another resentencing hearing. At this hearing, the trial court will have another opportunity to inform Bond of all his appellate rights.

{¶ 26} The third assignment of error is overruled.


V. Conclusion

{¶ 27} Having sustained Bond's first assignment of error, the judgment of the trial court will be reversed, and the cause will be remanded for the sole purpose of resentencing Bond at a hearing at which the right to counsel is fully addressed and, consistent with our prior opinion, Bond is provided with the proper R.C. 2919.19(B)(2)(c) notifications. The judgment will be affirmed in all other respects.

. . . . . . . . . . . . .


EPLEY, J. and HUFFMAN, J., concur.