[Cite as *State v. Bond*, 2024-Ohio-3419.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30035 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 03825 |
| | : | |
| DOSHIE G. BOND | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 6, 2024

. . . . . . . . . . .

DOSHIE G. BOND, Pro Se Appellant

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Doshie G. Bond appeals for the third time from his conviction for felonious assault. For the reasons outlined below, we affirm the judgment of the trial court.

I.      **Background Facts and Procedural History**

**{¶ 2}** The following is a summary of the facts in this matter, as stated in *State v. Bond*, 2023-Ohio-1226, ¶ 2-4 (2d Dist.) ("*Bond I*"). On October 26, 2021, Bond purchased flooring at the Grandview Home Center Outlet in Trotwood. The following day, he returned to the store seeking to return the product, which he claimed was defective. Bond spoke with store employees Ginger Ashworth and Jennifer McCarty, both of whom informed him that the store did not accept returns or exchanges. When Ashworth and McCarty refused to permit a return or exchange, Bond indicated he wanted to speak to "the man." Ashworth informed her husband, Ronald, that Bond wanted to speak to him. Bond then left the store and went to his truck, which was located beside a loading garage.

**{¶ 3}** Ronald then approached Bond, who had opened the loading garage door. Ronald informed Bond that the store would not accept returns and then closed and locked the garage door and reentered the store. Bond subsequently also reentered the store and engaged with Ronald again. At the end of the interaction, Bond punched Ronald two times and, when Ronald fell to the floor, Bond struck him again. Ronald suffered serious injuries because of the attack, including a broken jaw requiring surgical repair, a fractured orbital bone, a fractured rib, a lost tooth, and a closed head injury.

**{¶ 4}** On November 29, 2021, Bond was indicted on one count of felonious assault (serious physical harm) in violation of R.C. 2903.11(A)(1). The matter proceeded to jury trial in June 2022, and Bond was found guilty of the indicted charge. The trial court sentenced him to an indefinite prison term of eight to twelve years under the Reagan Tokes Act. At his initial sentencing hearing, Bond was represented by counsel, and the trial court advised Bond with respect to post-release control and his appellate rights as

follows:

Upon being released from prison, you will be placed on a period of not less than eighteen months, no more than up to three years of post-release control supervision.

If you did violate any post-release control sanction or any law while you're on post-release control, the parole board can put you back into prison for up to one-half of this prison sentence added on top of the original prison sentence.

Furthermore, if you commit any new felony while you're on that post-release control supervision, then what can happen is that in addition to being convicted and sentenced on that new felony, the judge in that new felony case can add on a new prison sentence, an additional prison term for violation of the post-release control sanctions.

I am going to order that you pay the Court costs as determined by the Montgomery County Clerk of Courts.

Also, Mr. Bond, you do have the right to appeal the sentence of judgment of this Court and the finding of the jury verdict by filing a notice of appeal within thirty days of today's date. If you cannot afford the cost of appeal, the cost of documents, or an attorney, they'll provide it to you without cost.

{¶ 5} In its judgment entry, the trial court also stated the following regarding post-release control and appellate rights:

The Court notifies the defendant that, as part of this sentence, on FELONIOUS ASSAULT (SERIOUS PHYSICAL HARM) - 2903.11(A)(1) F2, the defendant WILL be supervised by the Parole Board for a period of NOT LESS THAN EIGHTEEN (18) MONTHS But no More than THREE (3) years Post-Release Control after the defendant's release from imprisonment.

Should the defendant violate any post-release control sanction or any law, the adult parole board may impose more restrictive sanctions, may increase the length of post-release control, or could impose up to an additional nine (9) month prison term for each violation for a total of up to fifty percent (50%) of the original sentence imposed by the court. If the violation of the sanction is a felony, in addition to being prosecuted and sentenced for the new felony, that sentencing court or the adult parole board may impose a prison term for the violation of post-release control, pursuant to R.C. 2967.28.

The Court did fully explain to defendant HIS appellate rights and the defendant informed the Court that said rights were understood.

{¶ 6} Bond timely appealed in *Bond I*, 2023-Ohio-1226 (2d Dist.), asserting five assignments of error: (1) the trial court abused its discretion when it denied Bond's request for an aggravated assault jury instruction; (2) the trial court erred when it admitted video surveillance footage (State's exhibit 21); (3) the trial court failed to provide proper notices under the Reagan Tokes Act at Bond's sentencing hearing; (4) the trial court erred when it dismissed a female juror for missing part of the trial but allowed a male juror to

remain; and (5) Bond was denied his right to counsel in the trial court as guaranteed under the Fourteenth and Sixth Amendments to the United States Constitution and Article 1, Sections 10 and 16 of the Ohio Constitution. The State conceded that the trial court had failed to adequately advise Bond under the Reagan Tokes Act (as set forth in Bond's third assignment of error), and we reversed and remanded the matter for the sole purpose of resentencing Bond to provide the proper Reagan Tokes Act notifications under R.C. 2919.19(B)(2)(c). We found all of his other arguments to be without merit. *Id.*

{¶ 7} The trial court resentenced Bond on May 10, 2023, in accordance with *Bond I*, but Bond apparently was not represented by counsel at the resentencing hearing. The trial court entered a final judgment the next day. On May 19, 2023, Bond filed a pro se notice of appeal, and we appointed appellate counsel to represent him. Thus, his second appeal was from the trial court's judgment resentencing him pursuant to our mandate in *Bond I. See State v. Bond*, 2023-Ohio-3996 (2d Dist.) ("*Bond II*"). He later filed a motion to remove his appellate counsel and a waiver acknowledging that he chose to proceed without counsel. Subsequently, we granted his motion to remove his appellate counsel.

{¶ 8} In *Bond II*, Bond asserted pro se four assignments of error, including that the trial court had denied him his right to counsel when it conducted his resentencing via video conference without the presence of any defense counsel. The State conceded error in this respect and asked that we remand to the trial court for another sentencing hearing at which Bond's counsel could be present. We agreed and remanded the matter for resentencing. Bond raised other assignments of error in which he argued that the Reagan Tokes Act was unconstitutional and that his maximum prison sentence was

contrary to law; we found these arguments to be barred by res judicata because they were not raised in his initial appeal. Finally, Bond asserted that he had not been properly advised of his appellate rights; with respect to this argument, we concluded that any error in this respect had been harmless because Bond had filed a timely notice of appeal, counsel had been appointed for him on appeal, and, in any event, we were remanding for resentencing. Thus, we again reversed and remanded for the limited purpose of resentencing Bond in the presence of counsel while also providing Bond with the proper Reagan Tokes notifications consistent with our prior opinion in *Bond I*.

{¶ 9} On December 27, 2023, the trial court resentenced Bond for a third time with counsel present, advising him of his rights, and explaining his sentence under the Reagan Tokes Act; the trial court imposed the same sentence that Bond had previously received. The amended judgment entry included the same language regarding Bond's post-release control obligations and appellate rights as the original judgment entry.

{¶ 10} Bond now appeals for a third time. On February 5, 2024, Bond filed a motion to remove counsel to proceed in this appeal pro se, which we sustained.

## II. Assignments of Error

{¶ 11} Bond asserts the following three assignments of error, verbatim:

Appellant's postrelease resentencing hearing according to the court's lack of jurisdiction should have been vacated and set aside the sentencing judgment due to the structural error in violation of his Sixth Amendment, Fourteenth Amendment, and Ohio Constitution Article 1 § 10.

The trial court erred when it failed to notify Appellant of his right to

appeal his post-release sentence after the postrelease resentencing hearing violated the Fifth Amendment, Fourteenth Amendment, and the Ohio Constitution Article 1 § 10 and 16.

Where the facial challenge between the general and special or local statutes conflict, and the conflict are irreconcilable in that the statutes cannot be construed 'so that effect is given to both have the potential of violating due process of the U.S. Constitution of the Fifth and Fourteenth Amendment and Ohio Constitution Article 1 § 10 and 16.

**{¶ 12}** In his first assignment of error, Bond contends that the trial court did not have jurisdiction over him for resentencing. He argues that the trial court was divested of jurisdiction to resentence him because he was not represented by counsel during his May 2023 resentencing hearing and because the trial court did not properly advise him of his post-release control obligations. We disagree.

**{¶ 13}** At the outset, we note that any errors from Bond's May 2023 resentencing hearing, including his lack of counsel, have already been adjudicated by us in *Bond II*, and, thus, any argument as to the same is not properly before us. As a result, we reject Bond's argument that the trial court was divested of jurisdiction to resentence him because he was not represented by counsel during resentencing in May 2023.

**{¶ 14}** Likewise, we reject Bond's argument that the trial court was divested of jurisdiction because the trial court did not properly advise him of his post-release control obligations. "A sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *State v. Harper*, 2020-Ohio-

2913, ¶ 42. "When the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Id.*

{¶ 15} Here, Bond was properly indicted for a crime committed in Montgomery County and, thus, the Montgomery County Court of Common Pleas had personal and subject matter jurisdiction over Bond's sentencing proceedings. Neither of Bond's alleged errors would "divest" the trial court of jurisdiction over Bond.

{¶ 16} Bond is correct that lack of representation or failure to advise him of his post-release control obligations would make his sentence void or voidable, respectively, but those alleged errors would not remove him from the jurisdiction of the trial court. The remedy for either error would be to remand the matter to the trial court for resentencing, which has already been done in this case.

{¶ 17} At Bond's most recent resentencing hearing in December 2023, he was represented by counsel and was provided with the proper Reagan Tokes notifications, as required by our opinion and final entry in *Bond II*. It is undisputed that the trial court did not specifically advise Bond again of his post-release control obligations during that hearing. However, as set forth above, Bond had already been advised of his post-release control obligations in his initial sentencing hearing and in the original judgment entry. Bond was again reminded of his post-release control obligations in the amended judgment entry following the December 2023 hearing. Under these circumstances, we cannot say that the trial court erred by not advising him of his post-release control obligations, as the matter was remanded for the sole purpose of advising Bond of his

obligations under the Reagan Tokes Act.

{¶ 18} Bond's first assignment of error is overruled.

{¶ 19} In his second assignment of error, Bond contends that the trial court erred by failing to sufficiently notify him of his right to appeal. While the trial court did not specifically advise Bond of his appellate rights during his most recent resentencing hearing, we disagree that the trial court committed reversible error.

{¶ 20} In *Bond II*, Bond argued that the trial court had not informed him of his Crim.R. 32(B) appellate rights, which violated his right to due process. *Bond* at ¶ 21. At that time, the State conceded that the trial court had failed to advise Bond of his appellate rights during his resentencing hearing, but it contended that this error was harmless because Bond timely filed his notice of appeal and was represented by counsel. The State further pointed out that Bond was informed of his appellate rights during his original sentencing hearing. We agreed with the State.

{¶ 21} "Crim.R. 32(B)(1) sets forth the trial court's duty to notify the defendant of his right to appeal his conviction." *Bond II*, 2023-Ohio-3996, at ¶ 23. "In addition, Crim.R. 32(B)(3) sets forth additional notifications the trial court must give the defendant relating to his right to appeal." *Id*. It is undisputed that the trial court did not advise Bond of his appellate rights during the December 2023 resentencing hearing in this case. However, the trial court's error in this regard is subject to a harmless error analysis.

> In *State v. Dews*, 2d Dist. Greene No. 2015-CA-2, 2016-Ohio-4975, ¶ 6, we held that "[a] trial court's failure to advise a defendant of his appellate rights under Crim.R. 32 is harmless error where, as here, he files a timely notice

of appeal with the assistance of appointed counsel." We distinguished that case from the case of *State v. Hunter*, 8th Dist. Cuyahoga No. 92625, 2010-Ohio-657. In that case, the Eighth District reversed and remanded for resentencing based on the trial court's failure to advise the defendant of his appellate rights under Crim.R. 32. In *Hunter*, the defendant filed a pro se appeal from his resentencing, and the Eighth District's primary concern appeared to be the trial court's failure to inform the defendant of his right to appointed counsel to assist him. *Id.* at ¶ 17-21. Without being advised of that right, the defendant "was unable to even request counsel to assist with his appeal." *Id.* at ¶ 18. By proceeding pro se, the defendant in *Hunter* was prejudiced by the trial court's failure to comply with Crim.R. 32.

*Bond II* at ¶ 24.

**{¶ 22}** Like in *Bond II*, the facts in Bond's current appeal are not squarely on point with the facts in *Dews* or *Hunter*. However, we again believe the facts are closer to the *Dews* case. Here, Bond exercised his appellate rights by filing pro se a timely notice of appeal. While he is not represented by counsel, he filed his own motion to remove counsel to proceed pro se after filing his notice of appeal. This is Bond's third appeal from sentencing. In each previous appeal, Bond had counsel and was aware that he could request counsel to assist with his appeal. In this instance, however, he chose not to proceed with counsel. Upon the record before us, we conclude that the trial court's error in failing to advise Bond again of his appellate rights at his December 2023 resentencing hearing was harmless. *See Dews* at ¶ 6.

{¶ 23} Bond's second assignment of error is overruled.

{¶ 24} In his third assignment of error, Bond contends that the Reagan Tokes Law is unconstitutional and, as applied, denied him of his due process rights. Again, we disagree.

{¶ 25} The Reagan Tokes Law provides for indefinite sentencing for offenders convicted of first- or second-degree felonies (eligible felonies) for which life imprisonment is not an available sentence. *State v. Hacker*, 2023-Ohio-2535, ¶ 7, citing R.C. 2929.14(A)(1)(a) and (2)(a). As pointed out by the State, the Supreme Court of Ohio upheld the constitutionality of the Reagan Tokes Law in *Hacker*.

{¶ 26} Moreover, we again note that, in *Bond II*, Bond sought to challenge the constitutionality of the Reagan Tokes Law. There, we explained that Bond had had the opportunity to challenge the Reagan Tokes Law on direct appeal, which he failed to do. *Bond II* at ¶ 18. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *Id.* at ¶ 17, quoting *State v. Perry*, 10 Ohio St.2d 175, (1967), paragraph nine of the syllabus. Accordingly, in *Bond II*, we concluded that Bond's challenge regarding the constitutionality of Reagan Tokes was barred by the doctrine of res judicata and, thus, he could not raise the issue on appeal from his resentencing hearing. *Id.* at ¶ 18.

{¶ 27} As previously noted, Bond had an opportunity to raise his issue regarding

the Reagan Tokes Act on direct appeal, but he failed to do so. Because Bond failed to raise this argument as part of his direct appeal, it is barred by the doctrine of res judicata, and he cannot now raise it on appeal from his limited resentencing. *Id.* at ¶ 18.

**{¶ 28}** Bond's third assignment of error is overruled.

### III.     Conclusion

**{¶ 29}** Having overruled Bond's three assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

EPLEY, P.J. and WELBAUM, J., concur.