**[Cite as *State v. Mason*, 2025-Ohio-1086.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-20 |
| | : | |
| v. | : | Trial Court Case No. 23CR139 |
| | : | |
| BRIAN E. MASON | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on March 28, 2025

· · · · · · · · · · ·

JEFFREY R. MCQUISTON, Attorney for Appellant

BRANDON S. MYERS, Attorney for Appellee

· · · · · · · · · · · ·

HANSEMAN, J.

{¶ 1} Defendant-Appellant, Brian E. Mason, appeals from a resentencing decision following a remand in a prior appeal. According to Mason, the trial court erred in several ways, including by finding that he demonstrated no genuine remorse, by denying his right to be present at the resentencing hearing as required by Crim.R. 43, and by imposing financial sanctions without considering his ability to pay.

{¶ 2} After reviewing the record, we conclude that Mason's first claim is barred by res judicata, because the remand for resentencing was limited, and Mason could have raised the remorse issue during his direct appeal. Concerning the Crim.R. 43 claim, Mason appeared at the resentencing by video and waived his right to appear in person. He also failed to object in the trial court, so the matter is reviewed only for plain error. Under a plain error analysis, no prejudice occurred, and Mason failed to offer any reason why the outcome of the resentencing hearing would have been different if he had appeared in person. Finally, Mason's argument relating to imposition of court costs is without merit, as he himself acknowledged in his reply brief. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 3} The facts underlying Mason's case were recounted in our prior opinion as follows:

At approximately 6:30 p.m. on March 27, 2023, Mason approached a Miamisburg police officer and informed the officer that he had shot a woman accidentally the previous night. It was determined that the shooting had occurred at a residence in Miami County. West Milton police officers and Miami County Sheriff's deputies were dispatched to the residence to conduct a welfare check. After looking through a window and noticing blood, the officers and deputies made a forced entry into the residence and located Michelle Elliott, who was deceased, laying face down on the floor with a

blanket over her body.

Following an investigation, Mason was charged by indictment with one count of reckless homicide. A superseding indictment was later filed charging Mason with one count of reckless homicide in violation of R.C. 2903.041(A)/(B) and having weapons while under disability in violation of R.C. 2923.13(A)(3)/(B). The count of reckless homicide had an attendant three-year firearm specification.

The matter proceeded to a jury trial. The jury convicted Mason of both offenses and the firearm specification. The trial court sentenced Mason to a prison term of 36 months on the reckless homicide and to a mandatory 3-year prison term on the firearm specification, to be served prior and consecutively with the sentence for reckless homicide. The trial court also imposed a 24-month prison term for having weapons while under disability. The trial court ordered the sentences to run consecutively for a "total of eight (8) years confinement, with six (6) years being mandatory prison time."

*State v. Mason*, 2024-Ohio-2290, ¶ 2-4 (2d Dist.) ("*Mason I*").

{¶ 4} On direct appeal, Mason raised three assignments of error: (1) imposition of a mandatory sentence for reckless homicide was contrary to law; (2) the trial court erring in overruling his Crim. R. 29 motion for acquittal; and (3) the trial court abused its discretion when it overruled his motion to exclude prejudicial evidence. *Id.* at ¶ 6, 13, and 25. We overruled the second and third assignments of error but sustained the assignment relating to mandatory sentencing and remanded the case to the trial court "solely for

resentencing in accordance with this opinion." *Id.* at ¶ 7-12 and 33. We affirmed the judgment in all other respects. *Id.* at ¶ 33.

{¶ 5} Regarding the mandatory sentence issue, we stated that:

Mason concedes the trial court was required to impose a prison term for the reckless homicide conviction under R.C. 2929.14(A)(3)(b). He also concedes the trial court was required by R.C. 2929.14(B)(1)(a)(ii) to impose a mandatory three-year prison sentence for the firearm specification, to be served prior and consecutive to the sentence for the underlying offense of reckless homicide. However, he argues that the trial court erred by stating that R.C. 2929.13(F)(8) requires mandatory service of the entire 36-month prison sentence imposed for the reckless homicide conviction.

*Id.* at ¶ 10.

{¶ 6} In originally imposing that mandatory sentence, the trial court accepted the State's interpretation of our opinion in *State v. Shields*, 2020-Ohio-3204 (2d Dist.), which purportedly was that R.C. 2929.13(F)(8) requires mandatory service. Transcript of Sentencing Hearing ("Orig. Sent. Tr.") (Aug. 21, 2023), 5-6, 12-13, and 19-20. However, on appeal, we agreed with Mason that this was incorrect, stating:

Our holding in *Shields* states that R.C. 2929.13(F)(8) merely eliminates a trial court's ability to impose community control for a felony offense involving a firearm. The prison term for third-degree felonies is set forth in R.C. 2929.14(A)(3)(b), which provides for a range of possible sentences from nine to 36 months. That statute does not set forth a

requirement that whatever term is imposed be served in its entirety. Likewise, *Shields* does not mandate that the offender be required to serve the entirety of the sentence imposed. Therefore, although the trial court correctly imposed a prison sentence on the reckless homicide count, it erred by designating the prison term a mandatory term.

*Mason I* at ¶ 11.

{¶ 7} After the case was remanded to the trial court, a resentencing hearing was held on July 25, 2024. During this hearing, the court imposed the same sentence as it had previously, but stated that the reckless homicide sentence of 36 months was non-mandatory. Transcript of Resentencing Hearing ("Resent. Tr."), 9. Mason then timely appealed from the judgment.

## II. Genuine Remorse

{¶ 8} Mason's first assignment of error states that:

The Trial Court's stated finding that Appellant demonstrated no genuine remorse under R.C. 2929.12(D)(5) is unsupported by the record.

{¶ 9} Under this assignment of error, Mason contends that his testimony at trial (indicating that he felt horrible for what happened to the victim) and his statements at the original sentencing hearing demonstrated genuine remorse, contrary to the trial court's finding.

{¶ 10} This argument, however, is barred by res judicata, because it could have been raised on direct appeal. " 'Under the doctrine of res judicata, a final judgment of

conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' " *State v. Bond*, 2023-Ohio-3996, ¶ 17 (2d Dist.), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Thus, "res judicata bars the consideration of issues that could have been raised on direct appeal." *State v. Shah*, 2023-Ohio-2328, ¶ 12, citing *State v. Saxon*, 2006-Ohio-1245, ¶ 17.

**{¶ 11}** R.C. 2929.12 outlines various factors courts are to consider during sentencing, and as pertinent here, R.C. 2929.12(D)(5) involves whether an offender is likely to commit future crimes because "[t]he offender shows no genuine remorse for the offense." During the original sentencing hearing, the trial court considered the appropriate factors and found that Mason "demonstrates no genuine remorse." Orig. Sent. Tr. at 16. Mason could have raised this issue on direct appeal but did not.

**{¶ 12}** Our remand was for the limited purpose of correcting the trial court's error in stating that the prison term for reckless homicide was mandatory when it was not. *Bond* involved a similar limited remand, and we found that res judicata barred any arguments the defendant could have made on direct appeal. *Bond* at ¶ 18, citing *State v. Buckney*, 2020-Ohio-4927, ¶ 19 (2d Dist.), and *State v. Walters*, 2017-Ohio-5722, ¶ 13 (4th Dist.). The same reasoning applies here. Accordingly, Mason's first assignment of error is overruled.

### III. Right to Be Present at Resentencing

**{¶ 13}** Mason's second assignment of error states that:

The Trial Court Erred in Denying Appellant's Right to be Present at All Criminal Stages of the Proceeding Including Sentencing as Required by Crim.R. 43.

**{¶ 14}** Under this assignment of error, Mason contends that the trial court failed to comply with Crim.R. 43 because it failed to issue an appropriate notice to all parties as required by Crim.R. 43(A)(2)(a). Since this argument is related to the procedure used at the resentencing hearing, we may consider it.

**{¶ 15}** "An accused has a fundamental right to be present at all critical stages of his criminal trial." *State v. Frazier*, 2007-Ohio-5048, ¶ 139, citing Ohio Const., art. I, § 10, and Crim.R. 43(A). In this regard, Crim.R. 43(A)(1) states that: "Except as provided in Crim.R. 10 and divisions (A)(2) and (A)(3) of this rule, the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules."

**{¶ 16}** Mason appeared remotely from the Ohio Department of Rehabilitation and Correction for the resentencing hearing. Resent. Tr. at 2. In this situation, Crim.R. 43(A)(2) provides an exception to a defendant's physical presence, stating that:

Notwithstanding the provisions of division (A)(1) of this rule, the court may permit the remote presence and participation of a defendant if all of the following apply:

(a) The court gives appropriate notice to all the parties;

(b) The video arrangements allow the defendant to hear and see the proceeding;

(c) The video arrangements allow the defendant to speak, and to be seen and heard by the court and all parties;

(d) The court makes provision to allow for private communication between the defendant and counsel.   The court shall inform the defendant on the record how to, at any time, communicate privately with counsel. Counsel shall be afforded the opportunity to speak to defendant privately. Counsel shall be permitted to appear with defendant at the remote location if requested.

(e) The proceeding may involve sworn testimony that is subject to cross examination, if counsel is present, participates, and consents.

{¶ 17} During the resentencing hearing, Mason orally waived his right to appear physically. Resent. Tr. at 2-3. Mason's attorney was present in the courtroom, and no objections were made to the video appearance, including to any lack of notice. *Id.* at 3-16. "When a defendant fails to object to a video conference appearance, he waives all but plain error." *State v. Howard*, 2012-Ohio-4747, ¶ 7, citing *State v. Morton*, 2011-Ohio-1488 (10th Dist.), and *State v. Steimle*, 2011-Ohio-1071 (8th Dist.). *Accord State v. Carner*, 2021-Ohio-2312, ¶ 18 (8th Dist.).

{¶ 18} Appellate courts may notice plain error under Crim.R. 52(B) "with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of

justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. For error to be plain, it "must have affected 'substantial rights,' " meaning that the "error must have affected the outcome of the trial" or proceeding. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶ 19} Here, Mason failed to indicate what prejudice he suffered or how the outcome would have been different if he had physically appeared. Our review of the transcript also reveals that the trial court complied with all other requirements of Crim.R. 43(A)(2). Consequently, the second assignment of error is without merit and is overruled.

IV.   Imposition of Financial Sanctions

{¶ 20} Mason's third assignment of error states that:

The Trial Court Erred by Imposing Financial Sanctions Without Considering Appellant's Present or Future Ability to Pay.

{¶ 21} Under this assignment of error, Mason contended that the trial court erred by imposing sanctions without considering his ability pay. However, in his reply brief, Mason conceded that, under *State v. Taylor*, 2020-Ohio-3514, trial courts do not have to consider a defendant's ability to pay when imposing court costs. We agree.

{¶ 22} In *Taylor*, the court noted that imposing court costs is mandatory under R.C. 2947.23 regardless of a defendant's ability to pay, and that the discretionary ability to waive, suspend, or modify court costs under R.C. 2947.23(C) does not create a requirement that the court consider the defendant's ability to pay. *Id*. at ¶ 6-24. *Accord State v. Barker*, 2025-Ohio-56, ¶ 46 (under *Taylor*, courts do not need to consider a

defendant's ability to pay before imposing court costs).

**{¶ 23}** Even if Mason had not recognized that this argument was without merit, it would be barred by res judicata. *Bond*, 2023-Ohio-3996, at ¶ 17-18. Specifically, the trial court imposed court costs during the original sentencing hearing, and the imposition of costs at resentencing was identical. Orig. Sent. Tr. at 21; Resent Tr. at 11. Thus, Mason could have raised this matter on direct appeal.

## V. Conclusion

**{¶ 24}** Mason's assignments of error having been found to be without merit, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.